## GRANVILLE LEWIS v. JAMES M. TAYLOR.

Although it would seem that the plaintiff has a right, under Section 7 of the Act of March 18th, 1848, (Hart. Dig. Art. 2820,) to execution on a bond given for the trial of the right of property levied on, for the amount of the valuation of the property and interest thereon, notwithstanding such valuation exceed the amount of the debt, interest and damages ; yet, he cannot have more than one satisfaction of his judgment, interest thereon, and interest on the damages from the time of the judgment giving the damages.

The judgment by operation of law, on a bond for the trial of the right of property levied on, returned "forfeited," does not merge the original judgment; it is designed as cumulative security to the plaintiff, for the payment of the debt claimed in the execution, which debt bears an accruing interest, and for the damages on the failure to sustain the claim of title to the property levied on.

Error from Harrison.   Tried below before the Hon. William W. Morris.

———————————— for plaintiff in error, cited Jeremy, Eq. Jur. 477 ; 4 Yerg. 130 ; 2 Johns. Ch. R. 526 ; 9 Johns. R. 357 ; 1 Ball and B. 47, 374.

*C. M. Adams*, for defendant in error.

LIPSCOMB, J. There was a judgment in favor of Hiram G. Runnells, against William P. Rose, and an execution sued out thereon, and levied upon certain slaves, which were claimed under the Statute by Ripley Rose ; bond and security given in the terms of the Statute. On the trial, the property was adjudged to be subject to the execution, and the jury assessed the value of the property levied on, and judgment was awarded for ten per cent damages. The claimant did not return to the Sheriff the property that had been levied on, within the term of ten days after the trial of the right of property ; and his bond was indorsed "forfeited," which, by statute, gave it the force and effect of a judgment, and an execution was sued out on it and levied on the same negroes that had been first levied on, and they were sold. At the same time execution was sued out for the ten per cent damages awarded against the claimant, on his failing in the trial of the right of property, which execution was levied on other property, which was sold, and the amount of the execution satisfied. On calculating the amount to be satisfied by the proceeds of the sale under the execution on the forfeited, forthcoming or delivery bond, interest was cast on the amount of the original judgment on which the first execution was sued out, instead of casting it on the assessed valuation of the property levied on, and an adjustment made between the parties on that basis. The appellant alleges that he, some time afterwards, discovered this mistake in the calculation of the interest, and contends that it ought to have been on the valuation of the property, which would make it a much larger amount. There was a demurrer and judgment for the defendant on the demurrer.

The only question presented by the demurrer, is as to the right of the plaintiff in the execution to recover this interest on the assessed value of the property ; and it arises, on the construction of the seventh Section of the Act of March 18th, 1848, (Art. 2820, Hart. Dig.)

The Section is in the words following, i. e., "That in all

" cases, when any claimant of property under the provisions of " this Act, shall fail to establish his right thereto, and judg- " ment shall be rendered against him, if he shall fail to return " such property in as good condition as when he received it, " to the officer from whose possession he received it, or his suc- " cessor, within ten days after the rendition of such judgment, " such officer, or his successor, shall certify such failure to the " Court or Justice, by whom such judgment was rendered, " whereupon it shall be the duty of the Justice or Clerk, hav- " ing the custody of such bond, to indorse thereon that it has " been "forfeited," when such bond shall have the force and " effect of a judgment against all the obligors, for the value of " such property, with legal interest thereon from its date, " upon which execution may issue as on other judgments."

There can be no doubt, under the provisions of this Section, the plaintiff had a right to his execution for the amount of the valuation of the property and interest thereon. But the question is, can he have more than one satisfaction of the judgment, interest thereon, and interest on the damages from the time of the judgment giving the damages. We believe that he can receive no more. The judgment on the bond forfeited, for the value of the property asseseed by the jury with interest there- on, does not merge the original judgment ; it was designed as a cumulative security to the plaintiff, for the payment of the debt claimed in the execution, which debt bears an accruing interest, and for the damages on the failure to sustain the claim of title to the property levied on. This cumulative security is often furnished by bond and judgment, but never in any one of such cases, can more than one satisfaction be allowed. A sequestration bond may be given in the course of judicial pro- ceedings, for the purpose of having security for the satisfaction of the judgment when obtained, on which a replevy bond will be given, afterwards a writ of error bond ; these two last are cumulative securities, and the last does not supersede or des- troy the former. So in an action of debt at Common Law, on

a penal bond, for the payment of the debt; the action was on the penalty, and judgment for it and interest; yet, if the plaintiff attempted to recover satisfaction for more than the debt and interest intended to be secured, he would be enjoined from so doing. We are speaking of the Common Law practice. So the maker of a promissory note or bill of exchange and every indorser could be sued in separate suits and separate judgments obtained against each, but there could be but one satisfaction. So in an action or actions against several persons for the same trespass, the plaintiff can have judgment separately against each of them, and separate executions; but he can have but one satisfaction; that is to say, satisfaction of one would be satisfaction of the whole.

We do not believe that there is anything in the fifth Section of the Act, that is in any way repugnant to the construction we have given to the seventh Section. The fifth Section of the Act (Art. 2818, Hart. Dig.) is as follows: "That in all " trials of the right of property under the provisions of this " Act, if the claimant shall fail to establish his right to the pro- " perty, the Court or Justice trying the same, shall give judg- " ment against all the obligors in claimant's bond, for ten per " cent damages on the value of the property claimed.; unless " such value is greater than the amount claimed under the " writ, by virtue of which such property was levied; in such " case such damage shall be on the amount claimed under said " writ." This Section has but a single object in view: it fixes the amount of damages to which the plaintiff was entitled on claimant's failure to establish his claim; it acts upon the damages only, and so far it imposes no obligation on the claimant, nor his securities, to do more than to pay that damage; for which execution is to issue. Its imposing a restriction that this damage shall not exceed the debt claimed in the plaintiff's writ is not an argument, that the want of this restriction in the seventh Section leaves the inference that it was designed, by such omission, that plaintiff had a right to recover the as-

sessed value of the property levied on, whether it was under or over the debt claimed. The simple reason why the restriction was mentioned in the one case and not in the other is, that it was necessary to secure the claimant and his securities from an excessive amount of damages, and was not so necessary in the other. The one was to act on the damage alone, and not to affect the other ; the damage was to be recovered, irrespective of any contingency whatever ; hence it was essential that it should be precisely defined. It afforded no additional security to the plaintiff for the recovery and satisfaction of his judgment debt. The seventh Section was to act upon and to furnish that additional security to the plaintiff, which the fifth had not assumed to do ; and if it is to be regarded as a penalty, which appellant's counsel insists that it should be, it was only a security for the performance of the chief object of the obligation. It would not follow that the full amount of the penalty could be exacted. The doing the thing which was the object of the penalty to enforce, would be a full discharge of the obligation, although far less onerous to the obligors.— The object of the penalty in this case, is to secure to the plaintiff the satisfaction of his judgment and interest, damages and costs ; should this be done, the penalty is satisfied. The judgment is affirmed.

Judgment affirmed.