W. J. MORPHY ET AL. *v.* D. L. AND J. GARRETT.

INJUNCTION—VARIANCE—PRACTICE.—An injunction suit was brought against trustees, to enjoin the sale of trust property, alleging the payment of the debt for which the trust was made, and specifying, as an item in the payment, an agreement between plaintiff and the beneficiary of the trust, that a promissory note, indorsed

by the maker of the trust deed to the beneficiary, was to be a credit upon the debt. The evidence showed that the note was assigned only as collateral, and while it had been prosecuted to judgment, nothing had been realized. The court below allowed the amount of such note as a credit, until it should be accounted for, and enjoined the enforcement of the trust as to all but a small sum remaining due: *Held*, Error.

1. The relief was granted upon facts not pleaded.

2. The court intimates that the facts may not authorize the relief; not deciding that a creditor may not pursue both the trust and collaterals until his debt be satisfied.

APPEAL from Hopkins. Tried below before the Hon Green J. Clark.

March 31, 1876, James and David L. Garrett obtained a temporary injunction, restraining W. J. Morphy and J. K. Milam, trustees, and Wallace & Co., beneficiaries, from proceedings under a trust deed executed by plaintiffs to Morphy, to secure an indebtedness to Wallace & Co. The ground of relief alleged was the full payment of the indebtedness to Wallace & Co. One of the items insisted on as a part payment was a note indorsed by plaintiffs to Wallace & Co. on Heath. The defendants denied payment, &c.

September, 1877, the case was tried upon the merits, no jury being demanded.

The facts, as ascertained by the court and recited in the judgment, are as follow:

That on July 11, 1873, plaintiffs executed their promissory note for $5,282.53, due one day after date, to Wallace & Co., and at the same time, to secure its payment, executed to defendants Morphy and Milam, as trustees, a deed of trust upon certain lands (describing them); that at the date of the execution of the note, plaintiffs had transferred to Wallace & Co., to further secure the payment of said note, a note on M. H. Heath, secured by vendor's lien, upon which was then due $2,226.32, upon which Wallace & Co. obtained judgment, and still retain control of and have not accounted for; that, deducting the Heath note and other payments estab-

lished by the testimony, there remained due from plaintiffs to Wallace & Co. $240.46.

Upon which the court rendered a decree, perpetuating the injunction as to all of the debt so found to be paid, and until Wallace & Co. should account to plaintiffs on their note for the said judgment against Heath, dissolving the injunction as to $240.46 remaining due.

The defendants urged a motion for new trial, which was overruled, and they appealed.

*King & Blythe* and *J. D. Milem*, for appellants.

*C. Payne*, for appellees.

GOULD, ASSOCIATE JUSTICE.—The appellees enjoined the enforcement of a deed of trust, claiming that the note secured by the trust deed had been fully paid. In specifying the payments, it was alleged that it had been agreed by defendants that the amount of a note on one Heath, which note had been by one of the plaintiffs indorsed to Wallace & Co., should be entered as a credit on the note secured by the deed of trust.

On the trial, however, it was found, and indeed such was the purport of Garrett's own testimony, that the Heath note was held merely as a collateral, to secure the same note secured by the deed of trust. The judgment of the court, to whom the cause was submitted without a jury, states this fact, and further, that Wallace & Co. had reduced the Heath note to judgment, which they retained control of and had not accounted for; states further, that the balance due on the note secured by the deed of trust, and not secured by the judgment on the Heath note, was $240.46; and thereupon proceeds to perpetuate the injunction, except as to said balance, until said Wallace & Co. have finally accounted to plaintiffs for the proceeds of the Heath note and judgment.

This was to grant plaintiffs relief on grounds not set out

in their petition. They had not, in their petition, claimed relief, because of defendants' neglect to collect or account for the Heath note, but on the very different ground, that it had been agreed to take that note as a payment, and to enter its amount as a credit. The plaintiffs failed to make out this part of their case; and it was error in the court to give plaintiffs relief on other grounds than those stated in their pleadings.

In reversing the cause for this error, we certainly do not intend to intimate that a creditor, whose debt is made safe by collaterals as well as by deed of trust, may not enforce all of his securities until his debt is paid; nor that the debtor is without remedy if injured by the failure of the creditor to use proper diligence in the management of his securities, or to give proper account and credit for amounts realized therefrom. (Edwards on Bailments, 234, 261; Lewis *v.* Taylor, 17 Tex., 57.)

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.