## MRS. S. A. ROY v. MARK CLARKE.

### No. 6153.

1. **Pleading—Tender Excused.**—Clarke, a vendee of Roy, brought suit against Roy for the land and possession, which under the contract of purchase was to be surrendered at a date prior to the maturity of a note for five hundred dollars of the purchase money. Clarke claimed $700 damages of Roy for trespass upon timber and for taxes on the land paid by plaintiff, etc. *Held*, that exceptions to the petition for not tendering the unpaid purchase money were properly overruled.

2. **Vendor and Vendee—Transfer of Vendor's Lien Note.**—In suit for possession of land by a vendee against the vendor, such vendor could not resist the action by reason of the existence of an unpaid note for a part of the purchase money transferred by him. Such note, as to the vendor, was paid, and the suit could not affect the lien upon the land held by the owner of the vendor's lien note.

3. **Homestead—Surrender of Same to Pay Purchase Money.**—The husband has the power to convey land to satisfy the purchase money therefor, if done in good faith and without fraudulent purpose to defraud the wife in her homestead rights, or to a purchaser ignorant of such intent.

4. **Same—Case in Judgment.**—Roy by parol had contracted for the land with Williams and entered into possession. Roy was unable to pay, and Clarke made the payment (of greater part) of the purchase money to Williams, when Williams deeded the land to Roy, Roy at same time deeding same to Clarke. Roy and wife refused to yield possession, and the wife claimed homestead rights in 200 acres of the tract. *Held*:

1.   That as against Williams, Roy and wife could not assert homestead rights.

2.   As Clarke by payment to Williams was subrogated to his rights, he took the land by the transfer free from any homestead rights, it appearing that the transactions between Roy and Clarke were not in fraud of the rights of Roy's wife.

APPEAL from Hays.    Tried below before Hon. H. Teichmueller. The opinion states the case.

*L. W. Moore* and *W. P. Bacon,* for appellant. — 1.   As a vendor's lien was expressly retained in the deed from Roy to Clarke on the land therein described to secure the payment of the purchase money notes therein set out, the legal title to said land remained in Roy, the vendor, and after the maturity of said notes the vendee (Clarke) could not obtain possession of said land without first paying or offering to pay the said purchase money notes.    McBride v. Banguss, 65 Texas, 174; Russell v. Kirkbride, 62 Texas, 455.

2.   Where property conveyed is the homestead of the vendor and his wife, and the wife does not join in the conveyance but claims her homestead right therein, in order to defeat such claim of the wife the purchaser must show:

(1)   That the conveyance was made by the husband in order to pay off a prior encumbrance on the homestead.

(2)   That it was necessary to make such conveyance in order to pay off such encumbrance.

(3)   That the conveyance was made by the husband in good faith and not for the purpose of defrauding the wife of her homestead rights.

In this case the proof shows none of these requisites to a valid conveyance of a homestead by a husband without the wife's consent, and judgment should have been rendered in favor of appellant for the land claimed by her as her homestead.    Wheatley v. Griffin, 60 Texas, 210; Gillum v. Collier, 53 Texas, 592; Morris v. Geisicke, 60 Texas, 635, and cases cited; Clements v. Lacey, 51 Texas, 160; White v. Shepperd, 16 Texas, 172; Brooks v. Young, 60 Texas, 32.

*Wood, Fisher & Ford,* for appellee.—W. C. Roy alleges in his answer that said purchase money note had passed from his hands into the hands of a third party, an innocent purchaser, for value.    Roy therefore had no interest in the land by reason of the existence of said note.    Russell v. Kirkbride, 62 Texas, 456; White v. Downs, 40 Texas, 233, 234; Flanagan v. Cushman, 48 Texas, 244.

The evidence shows W. C. Roy only had a verbal contract with H. G. Williams for the purchase of the land and had only paid a small amount thereon; that he had not complied with the terms of the same; that he owed a large amount upon said land, and paid the same out of Clarke's money, and there is no evidence that Roy ever intended to or did defraud

his wife.    Nor is there any evidence that Clarke ever knew that Mrs. Roy ever claimed a homestead in the land or refused to sign the deed, no demand having ever been made of her to do so until after a refusal to deliver the premises according to the original agreement of sale, and last note fell due.    Rev. Stats. art. 2464; McCreery v. Fortson, 35 Texas, 641; White v. Shepperd, 16 Texas, 172; DeBruhl v. Maas, 54 Texas, 473; Flanagan v. Cushman, 48 Texas, 247; Slavin v. Wheeler, 61 Texas, 654; Thomp. on Home., secs. 330–33; Property Rights of Married Women, sec. 71, p. 238, and authorities cited, sec. 68, p. 211, and authorities.

HOBBY, Judge.—The first error assigned relates to the action of the court in overruling the exceptions to the plaintiff's first amended and first supplemental petition.    The substance of these exceptions was, that as it appeared from the face of the petition that the last purchase money note was in the hands of Roy, the defendant, and there was no offer to pay the same, there could be no recovery.    The suit was for the recovery of the possession of the land which appellee had purchased from Roy, and which possession Roy had contracted to deliver by the 1st of November, 1884, a date prior to the maturity of the note; and also to recover damages for destruction to timber, cedar rails, buildings, etc., and to recover a certain sum which the plaintiff had paid as taxes on the land, and which Roy admitted he was liable for in the event of a recovery by plaintiff.    The damages sought to be recovered amounted to about $700.    It is true the petition showed that the $500 purchase money note, representing the last payment to be made, was due in April, 1885, and was in the hands of Roy, but it was alleged to be held by him subject to whatever equities the plaintiff Clarke had against the defendant.    If the damage was done as alleged, and a recovery was had by Clarke against Roy for that amount, it would have constituted an offset to the note held by Roy.    It would have been inequitable to have required Clarke to pay the $500 note referred to in the hands of Roy, if the proof authorized a recovery in favor of Clarke against Roy for $700 for the trespass and the taxes paid by Clarke, which Roy admitted he was liable for in the event of a recovery by Clarke.    There was no error, we think, in overruling the exceptions.

The third and fifth assignments, which relate to the same subject matter, may be appropriately considered together.    They are in substance that the court erred in the first paragraph of the charge in this, that the charge informs the jury "that the legal title to the land is in W. C. Roy, but that plaintiff can recover notwithstanding," because Roy had transferred the vendor's lien note yet due.    The charge complained of is that "the conveyance from Roy to appellee expressly retaining the vendor's lien was an executory contract, the legal title remaining in Roy, but that the undisputed evidence showed that all of the purchase money, amounting

to $5500, had been paid except a note for $500, which Roy alleges he transferred to an innocent purchaser before maturity for value, and that upon such state of facts Roy could not make whatever legal title remained in him available to defeat this suit." The appellant requested a special charge announcing the converse of the foregoing principle, which was refused, and the refusal of which is made the basis for the third assignment.

The appellant, defendant below, alleged in his answer " that the note mentioned had been transferred by him before maturity to an innocent purchaser for value, who is now the owner of the same," but he does not ask that the assignee of the note be made a party. Such assignee we do not think would be a necessary party. Whatever rights Roy may have been clothed with by reason of the fact that the note had been executed to him no longer existed. These rights were transferred to the assignee with the note. As to Roy, the note had been paid when he received its value from the assignee. Whatever may have been the rights vested in the assignee of the note by its transfer, they could not be in any manner injured or affected in this case. If the judgment had been for the appellant, that would not have affected the right of the holder to the lien acquired by the transfer of the note. There was no error in the charge given, nor in refusing that requested.

The seventh, eighth, and ninth assignments are that the court erred in the charge in this: The charge informs the jury that "defendant W. C. Roy could convey the homestead without the wife's consent to pay the purchase money on the same unless such conveyance was made for the purpose of defrauding the wife, and even if done with a fraudulent purpose, yet such conveyance would pass the title unless the purchaser was charged with notice of such fraud;" and that "possession of the homestead by the wife and her refusal to sign a deed of conveyance therefor, both facts being known to one who purchases said homestead from the husband alone, does not charge said purchaser with notice of any fraudulent purpose of the husband in. making such conveyance."

The charge informed the jury that the evidence showed that the land was occupied by appellant and Roy under a verbal contract with Williams; that improvements were made thereon and part payment was made, which facts vested an equitable title in appellants sufficient to give them a homestead estate, if they actually occupied it as such, subject to unpaid purchase money. And that if 200 acres of the land had been selected and taken possession of by defendants as their homestead prior to the sale to appellee, a temporary removal by the family would not destroy the homestead estate unless such removal was with the intention of abandonment. The jury were also told that if this homestead estate existed, it could not be conveyed by Roy without the concurrence of his wife in the manner and form required by law, and that the deed of Roy to appellee was void as to such estate of appellant Mrs. Roy, if it existed, unless the evidence

showed that the conveyance to appellee Clarke was executed for the purpose of adjusting and paying off the encumbrances of the land by reason of the unpaid purchase money due Williams by Roy; and that if the conveyance was so made it would be valid unless Roy made such conveyance to defraud his wife of her homestead rights, and Clarke had notice of that fact or knowledge of such facts as would put a reasonably prudent man upon inquiry.

The jury were also told in effect that if the conveyance by Roy to Clarke was made for the purpose of paying the balance of the purchase money due Williams, the fact that Mrs. Roy was in possession of the land, and knowledge of her failure or refusal to join in the conveyance, would not charge Clarke with notice of Roy's purpose to defraud his wife of her homestead rights.

The evidence is uncontroverted that appellants had only a verbal contract with H. G. Williams for the purchase of the land, and had paid comparatively a small portion of the purchase money, and were unable to or did not comply with the contract. A large sum (about $4000) was still due on the land. No title to the land was obtained by them until Clarke, under the contract made with W. C. Roy, long prior thereto, paid or furnished the purchase money, about $4000, with which to pay Williams and discharge the encumbrance then existing, which stood in the way of the acquisition of title by Roy. When this payment was made with Clarke's money, Williams executed title to Roy, who at the same moment executed title to appellee. There had never been any title in appellants divested of encumbrances until then. Nor had they, as far as is disclosed by the evidence, ever been in a position to assert homestead rights to the land until the payment made by Clarke.

The legal question arising out of this state of facts is, did Roy have the power to make the sale to appellee, and were the homestead rights of appellants subject to such sale, made to discharge the existing encumbraces? That the husband is clothed with this power in the absence of any intention to defraud the wife of her homestead rights appears to be well settled. Clements v. Lacy, 51 Texas, 160. And this we understand to be the principle declared in the instructions given by the court, and which are controverted by the assignments last referred to. There is no evidence which we can discover in the record of any intention whatever upon the part of Roy to defraud his wife. If there was such evidence, there is none from which it can be reasonably inferred that appellee ever knew that appellant Mrs. S. A. Roy claimed a homestead interest in the land, or that she ever refused to sign the deed, as there is nothing to indicate that appellee had made any request of that character until the refusal to deliver the possession to appellee in accordance with the original agreement.

The reason of the rule that homestead rights can not be asserted in a

case like the present is, that no such rights are acquired as against the person to whom the purchase money is due for the homestead.    This rule we understand has been long recognized in this State.    Farmer v. Simpson, 6 Texas, 303; Stone v. Darnell, 20 Texas, 14; Flanagan v. Cushman, 48 Texas, 247.    See also Thomp. on Home. Ex., sec. 331, *et seq.*    Clarke, when he made the payment of $4000 to Williams, which enabled appellants to acquire title from Williams, became subrogated to the rights Williams had.    If appellee was thus subrogated to the rights possessed by Williams, then appellants could assert no stronger or better homestead rights against appellee than they could have done against Williams, so long as the encumbrance existed and the purchase money was unpaid.

If at the time of the payment by Clarke to Williams of the purchase money due, the appellants had executed to Clarke a mortgage on the land to secure the amount paid by him of the purchase money, instead of an absolute deed, in accordance with a prior contract, the homestead rights could not have been asserted against the mortgagee.    Neither do we think they can be heard as against the appellee, claiming under an absolute title under the facts of this case.    Until the purchase money is paid the purchaser has not such an estate as will support the homestead right against the person to whom such purchase money is due.    Thomp. on Home., sec. 330.

This disposes of the material questions raised by the assignments.

The remittitur entered by the appellee of the judgment for $100 damages dispenses with the necessity for considering any other questions.

We think there is no error in the judgment, and that it should be affirmed.

*Affirmed.*

Adopted November 5, 1889.