**DYESS et ux. v. HANSEN.**

No. 11179.

Court of Civil Appeals of Texas. Galveston.

May 15, 1941.

Rehearing Denied June 5, 1941.

Edgar C. Soule and Pierce E. Holmes, both of Houston, for appellants.

E. H. Suhr and Bryan, Suhr, Bering & Bell, all of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal in an action in trespass to try title brought by appellee, J. W. Hansen, plaintiff in the trial court, against appellants, E. B. Dyess and wife, Theresa Dyess, to recover the title to and possession of lots Nos. 241 to 244, inclusive, of Aldine Gardens, a subdivision of the C. Walter Survey in Harris County, Texas.

Appellants answered by general denial, and plea of not guilty. They specially pled the two and four years statutes of limitation, and alleged that a deed of trust relied upon by appellee and the trustee's deed thereunder were void and inoperative to pass title, and that the deed to themselves which reserved a vendor's lien on the land in controversy was never delivered to nor accepted by them.

In a trial before the court judgment was rendered in favor of appellee for the title to and possession of the premises sued for.

No findings of fact or conclusions of law were requested by appellants and none were filed by the trial court.

The record shows that appellants went into possession of the land in controversy in May, 1926, as tenants of one J. A. Roberts, C. E. Bang, afterwards purchased the property from Roberts, and on March 29, 1927, contracted to sell it to appellants for a consideration of $4,750, to be represented by a cash payment of $250 and two notes for the sum of $2,250 each; said contract further provided that a general warranty deed reserving a vendor's lien would be given when one-half of the total purchase price had been paid. It recited that the property was subject to an outstanding deed of trust lien in the sum of $2,000.

On April 7, 1930, C. E. Bang and wife conveyed the land in controversy to E. B. Dyess by warranty deed, in which a vendor's lien was reserved to secure the payment of three purchase money notes, one for the sum of $1,500, due four years after date, one for $1,980, payable in monthly installments, and one for $141, due May 7, 1930. On the same date E. B. Dyess and Theresa Dyess executed a deed of trust conveying the property in controversy to J. B. Gillespie, Trustee, to secure the payment of said three notes. Said deed of trust provided that all statements of fact or other recitals in any trustee's deed given thereunder should be prima facie evidence thereof.

By instrument dated April 10, 1930, C. E. Bang assigned said note for $1,500 and the lien securing it to appellee, J. W. Hansen. In said assignment he expressly subordinated the lien securing the notes for $1,980 and $141 to the payment of the note for $1,500 so assigned. Said $1,500 note held by appellee became due on April 7, 1934. On January 5, 1937, the principal of said note was due and unpaid and $602.46 in interest was due thereon. On that date the property in controversy was sold to J. W. Hansen at trustee's sale under the terms of said deed of trust. Said trustee's deed recited the request by Hansen that the trustee foreclose, the posting of notices in three public places for 21 days next preceding the sale, the sale at public auction between 10 o'clock A. M. and 4 o'clock P. M. on the first Tuesday in January, 1937, being the 5th day of January, 1937, and that appellee's bid of $1,000 was the highest and best bid, and that it was sold to him.

The acknowledgment of appellants, E. B. Dyess and Theresa Dyess, to said deed of trust to J. B. Gillespie, Trustee, to secure C. E. Bang in the payment of said note, is regular on its face. Both E. B. Dyess and Mrs. Theresa Dyess admitted that they had signed said deed of trust. They testified, however, that the acknowledgment of Mrs. Theresa Dyess was not taken with the formalities required by the statute.

The record shows that appellee paid C. E. Bang $1,500 for said note, the face amount thereof. The assignment of said note by Bang to appellee was executed on April 10, 1930, and filed for record on April 11, 1930. It is uncontroverted that appellee paid the face amount of $1,500 for said note and that said note was negotiable. There is no evidence in the record of notice to appellee of any claim by appellants that the liens securing it were invalid. Further, there is no evidence that either C. E. Bang or the notary who purported to

take the acknowledgments of appellants to said deed of trust were connected in any way with appellee, nor is there evidence in the record of over-reaching or a fraudulent design on the part of E. B. Dyess to deprive his wife of her homestead rights.

▉ Appellants contend that Mrs. Theresa Dyess was not examined privily and apart from her husband at the time her acknowledgment to said deed of trust was taken, and that since said land was then the homestead of appellants it was void and inoperative to pass title. This contention cannot be sustained. It is undisputed that the notes secured by said deed of trust represented the unpaid purchase price for said land, and that a vendor's lien was expressly reserved in the deed to appellants to secure their payment. The record shows that said notes and deed of trust were given under an agreement between appellants and C. E. Bang to rearrange the terms of payments of a purchase money contract theretofore entered into by them, on which the sum of $141 was then in default, and that the lien securing said $1,500 note was superior to any homestead right appellant, Mrs. Theresa Dyess, might have had in and to the land in controversy.

▉ It has long been the settled law of this state that a husband has the right to renew, rearrange, and convey land to satisfy a vendor's lien outstanding against a homestead, without the joinder of his wife.

▉ In passing on the power of the husband to dispose of his homestead without his wife's consent, the Supreme Court of this state, in the early case of White v. Shepperd, 16 Tex. 163, in an opinion rendered by Chief Justice Hemphill, said: "This restriction [against a husband selling a homestead without the joinder of his wife] applies where the husband has acquired full property in the land, and not where it is charged with preceding equities or incumbrances. These must be discharged, and they have precedence over the rights of the homestead privilege; and the right of a husband to make arrangements in relation to these incumbrances, or to renounce lands thus burthened or subject to conditions and contingencies, could not be questioned by the wife, in virtue of her remote right which might arise if the incumbrances or conditions were ever discharged or removed, unless in cases where the husband is squandering the property, with the fraudulent design of depriving his wife of a homestead."

This rule has been followed by an unbroken line of authorities, including the cases of Clements v. Lacy, 51 Tex. 150; Roy v. Clarke, 75 Tex. 28, 12 S.W. 845; Jones v. Fink, Tex.Civ.App., 209 S.W. 777; Hill v. Wright, Tex.Civ.App., 30 S.W.2d 812; Hall v. Hix, Tex.Civ.App., 297 S.W. 491.

In the recent case of Odom v. Empire Building & Loan Association, Tex.Civ. App., 134 S.W.2d 1053, under a state of facts similar in all material respects to those in the instant case, it was held that the husband alone, without the wife's joinder, had the right to renew, extend, and adjust all prior existing debts and liens, and, if necessary, to sell the homestead to satisfy such indebtedness. It was therein held that the only limitation to the right of the husband to extend and adjust such incumbrances, or to sell the home to satisfy such liens, was that he act in good faith and not in fraud of the homestead rights of the wife.

In the instant case, appellant, E. B. Dyess, received a deed to the land in controversy in place of a previously executed contract to purchase. For the unpaid purchase money, he and his wife executed three notes, one due in 30 days, one payable in small installments, the other due four years after date. They executed a deed of trust to further secure these purchase money notes. Appellant, Mrs. Theresa Dyess, asserts herein that her acknowledgment to said deed of trust was not taken in the statutory manner.

▉ While the acknowledgment of Mrs. Theresa Dyess was in statutory form, we think that, under the above authorities, the signature of E. B. Dyess to said deed of trust, which is admitted, was sufficient to establish a valid lien on the land in controversy and to authorize a sale thereunder.

▉▉ However, since the trial of this case was before the court without a jury, and no findings of fact were requested or were filed by the court, it must be presumed that the trial court found every fact which has support in the evidence or which is in accord with the judgment rendered. Since the only evidence introduced by appellants by which they sought to impeach the certificate of the notary, which was in statutory form, was the testimony of ap-

pellants, both of whom were parties to the suit, it must be presumed that the court in rendering judgment for appellee found that both E. B. Dyess and Mrs. Theresa Dyess did acknowledge said deed of trust in the manner prescribed by statute. Southwest Bitulithic Co. v. Martinez, 135 Tex. 347, 143 S.W.2d 116; Cockerell v. Griffith, Tex. Civ.App., 255 S.W. 490.

Further, since it is undisputed that appellee paid C. E. Bang the full face amount of said $1,500 note for its assignment before its maturity, and there was no evidence of knowledge or notice to appellee of appellants' claim that Mrs. Theresa Dyess had not acknowledged said deed of trust in the manner prescribed by law, the certificate of her acknowledgment being in regular and statutory form, in the absence of findings of fact by the trial court it must be presumed that the court found that appellee was a bona fide purchaser of said note for value without notice of the alleged infirmity claimed by the appellants. Stewart v. Miller, Tex.Civ. App., 271 S.W. 311; Timmins v. Independent Lumber Co., Tex.Civ.App., 7 S.W.2d 130; Ford v. Wallace, Tex.Civ.App., 283 S.W. 934; Humble Oil & Refining Co. v. Davis, Tex.Civ.App., 282 S.W. 930.

It follows from above conclusions that the judgment of the trial court must be in all things sustained.

Affirmed.