AUGUST MACHICEK ET UX V. ANESKA BARCAK.

No. 8056. Decided April 14, 1943.
Rehearing overruled May 19, 1943.
(170 S. W., 2d Series, 715.)

*Moss & Moss,* of La Grange, for petitioners.

Court of Civil Appeals erred in holding that the notes represented a part of the purchase money on the land bought by the defendants, and in reforming the judgment of the trial court so as to provide for a foreclosure of the vendor's lien on said land in satisfaction of said notes, notwithstanding said property became the homestead of the defendants. Hayes v. First Trust Joint Stock Land Bank of Chicago, 111 S. W. (2d) 1172; Laubhan v. Alliance Life Ins. Co., 134 S. W. (2d) 788; Sisk v. Randon, 123 Texas 336, 70 S. W. (2d) 689; Oats v. Dublin Natl. Bank, 127 Texas 2, 90 S. W. (2d) 824.

*Fertsch & Fertsch, Charles Fertsch, Marvin D. Fertsch* and *C. L. Stavinoha,* all of Halletsville, for respondents.

The notes sued on were a part of the purchase price and the express vendor's lien and superior title were retained by the grantor to secure him in the payment of the notes and were a continuing obligation under the amended deed which referred to the original deed with great particularity. O'Neil v. Keisler, 26 S. W. (2d) 671; Turner v. Briscoe, 164 S. W. (2d) 70; Clements v. Lacy, 51 Texas 150; Rosek v. Kotzur, 267 S. W. 759; Vinyard v. O'Conner, 90 Texas 59, 36 S. W. 424.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a suit for debt and foreclosure of a lien on land. Foreclosure of the lien was resisted on the claim that the lien securing a part of the debt was attempted to be created after the land had become defendants' homestead, in violation of Article XVI, Section 50, of our Constitution.

The tract of land in question was originally owned and occupied by Joseph Machicek and his wife, Johanna, as their homestead. On August 8, 1922, after the death of Johanna Machicek, intestate, Joseph Machicek and four of their five children conveyed the land to August Machicek, the fifth child, for a recited consideration of $6,000, which was made up of cash,

$2,400.00 and credit of $600.00 for August Machicek's inherited interest in the land, and five notes for $600.00 each, payable to Joseph Machicek. The deed further provided:

"And as a further consideration herein, the said August Machicek obligates and binds himself to take care of and provide the necessary food and shelter for the said Joseph Machicek, during his lifetime, the said Joseph Machicek shall build him a small house upon said herein conveyed premises and shall have all the privileges upon said property and premises as may be necessary for the comfort and convenience of said Joseph Machicek, * * *."

After describing the land, the deed provided:

"The grantor herein Joseph Machicek reserves unto himself during his natural life the conditions and reservations made in the consideration clause herein, and upon his death the same to end, ceases, and determine and to revert to the then present owner of the herein conveyed property."

The deed expressly reserved a vendor's lien "until the above described notes and reservations are fully paid and carried out." August Machicek and his wife occupied the land thereafter as their homestead.

On October 8, 1924, Joseph Machicek and August Machicek and his wife signed and acknowledged an instrument denominated an "amended deed." This instrument referred to and described the deed of August 8, 1922, and provided:

"Whereas, the parties herein mutually agree that the following provision in said deed shall be cancelled, to wit:" (reciting in full the provision for care and support, first above quoted.)

"And in lieu thereof the following agreement is made. That said August Machicek shall pay as a part consideration for said land the further sum of Four Thousand ($4,000.00) Dollars to the said Joseph Machicek as follows to wit:

"The sum of Four Thousand ($4,000.00) Dollars to be paid on or before ten (10) years from this date as evidenced by two certain vendor's lien promissory notes, bearing even date herewith, due and payable to Joseph Machicek or order at Flatonia, Texas, One Note for Two Thousand ($2,000.00) Dollars bearing interest at the rate of Six per centum per annum from date hereof until paid, and the other note for Two Thousand ($2,000.00) Dollars bearing interest at the rate of 6% per annum from its maturity. Interest payable annually. And the further

consideration that the said Joseph Machicek reserves unto himself during his natural life the rent house in which now Joseph Jalufka lives being in the Southwest corner of said premises together with all rights and privileges thereto belonging together with 25 acres of land in a square on and around said rent house, and reserves unto himself two horses into pasture free, and feed to be furnished by said August Machicek for said two horses.

"Which reservation shall upon the death of said Joseph Machicek revert back to said August Machicek, his heirs and assigns (not meaning thereby the notes given and described hereinabove) * * *."

The instrument provided that a vendor's lien was retained "until the above described notes and all interest are paid in full," and concluded: "This being an amended Deed and shall not vitiate nor change any other terms or considerations stated in the former deed except as herein stated."

The evidence shows that after the execution of the original deed August Machicek took care of his father and provided for his support. In September, 1925, Joseph Machicek went to live with his daughter in Bell County, where he died eleven months later. While he was there August paid his sister $10.00 a month for his father's board. August also paid his funeral expenses and the expenses of his last illness.

Aneska Barcak, as the owner of one of the original $600.00 notes and the two notes for $2,000.00 each provided for in the amended deed, brought this suit for the debt and to foreclose the vendor's lien on the land. August Machicek and wife contended that their homestead right in the land was superior to the purported lien securing the two $2,000.00 notes because they acquired their homestead in the land before the purported lien securing the payment of these notes was created. The trial court sustained the defendants' contention, but the judgment was reformed by the Court of Civil Appeals so as to allow a foreclosure of the lien for the entire indebtedness.

█ It is clear from the foregoing facts that at the time the land was conveyed to August Machicek the contractual obligation to support Joseph Machicek, as well as the debt evidenced by the outstanding notes, constituted a charge or encumbrance against the land so conveyed to August Machicek. Mayer v. Swift, 73 Texas 367, 370, 11 S. W. 378; Rosek v. Kotzur (Tex.

Civ. App.), 267 S. W. 759, 762; Webster v. Cadwallader, 133 Ky. 500, 118 S. W. 327, 134 Am. St. Rep. 470.

██ Where the homestead is thus planted on encumbered property, the homestead right of course is subject to the outstanding encumbrance. Clements v. Lacy, 51 Texas 150, 159; Roy v. Clark, 75 Texas 28, 12 S. W. 845; 22 Tex. Jur. 287. The head of the family, being charged with the responsibility of discharging the encumbrance and thus preserving the homestead, must necessarily have the right to renew, rearrange, and readjust the encumbering obligation; otherwise he might lose the homestead through foreclosure proceedings, and the very purpose of the constitutional inhibition against encumbering the homestead be defeated. In accomplishing this purpose he may change the form of the obligation so long as he acts in good faith and does not intentionally increase the burden on the homestead for purposes other than are necessary for the readjustment of the outstanding obligation. White v. Shepperd, 16 Texas 163, 172; Gillum v. Collier, 53 Texas 592, 599; De Bruhl v. Maas, 54 Texas 464, 474; 22 Tex. Jur. 125, 300.

Under the foregoing rule the parties had a right to rearrange and readjust the outstanding obligation to support Joseph Machicek. Since the outstanding obligation was in part unliquidated, in passing on the good faith of the parties in the readjustment of such encumbrance necessarily some latitude must be allowed for errors of judgment in trading, and the facts must be viewed in the light of the circumstances confronting them at the time the readjustment took place.

Under the terms of the "amended deed" August Machicek was relieved of the obligation to care for and provide the necessary food and shelter for Joseph Machicek for the remainder of his life, and there was substituted therefor an obligation to pay the sum of $4,000.00, as provided for in the notes here sued on. The record does not disclose the age nor life expectancy of Joseph Machicek at the time the renewal obligation was entered into, nor does it otherwise disclose what expenses probably would have been incurred and inconveniences endured by August Machicek and his family in carrying out the original obligation to care for and provide the necessary food and shelter for Joseph Machicek during the remainder of his life. Consequently, we cannot say that the renewal obligation was an unfavorable bargain to August Machicek and his wife. Certainly we cannot say that the record, unaided by other evidence, presents a case in which the renewal obligation was so out of

proportion to the original one as to evidence bad faith or an intention to increase the burden on the homestead for purposes other than were reasonably necessary for a readjustment thereof. White v. Shepperd, 16 Texas 163, 172; Gillum v. Collier, 53 Texas 592, 599; De Bruhl v. Maas, 54 Texas 464, 474; Clements v. Lacy, 51 Texas 150, 159; Roy v. Clark, 75 Texas 28, 12 S. W. 845; 22 Tex. Jur. 125, 287, 300.

Defendants further contend that there was no consideration for the two $2,000.00 notes because even after they were executed August Machicek continued to take care of his father as before. It clearly appears, however, that even though August Machicek may have continued to provide for his father, the agreement set forth in the "amended deed" relieved him of his contractual obligation to do so. The cancellation of the covenant for care and support was adequate consideration for the new notes.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered April 14, 1943.

Rehearing overruled May 19, 1943.