## MACHICEK et ux. v. RENGER.

### No. 9458.

Court of Civil Appeals of Texas. Austin.

Jan. 31, 1945.

Rehearing Denied Feb. 21, 1945.

C. C. Jopling and Moss & Moss, all of LaGrange, for appellants.

T. W. Grobe, of Houston, and Marvin D. Fertsch, of Hallettsville, for appellee.

McCLENDON, Chief Justice.

Suit seeking a judgment, declaring that a final judgment, rendered by the Supreme Court, had been satisfied, and to enjoin execution issued thereunder. Trial to the court and judgment denying all sought relief. Plaintiffs have appealed.

The original suit was by Mrs. Aneska Barcak against August Machicek and wife upon a note for $600 (the last of a series of five), and upon two notes for $2,000 each (constituting a second series) secured by vendor's lien upon 207 acres of land. The Machiceks admitted the validity of the $600 note and lien securing it; but denied liability on the two $2,000 notes, as being without consideration, and denied validity of the asserted lien securing these two notes, on the ground that the property was their homestead. The trial resulted in a judgment; for plaintiff, dated July 28, 1941, for $768.35 against the husband (the full amount, principal, interest and attorney's fees on the $600 note), with foreclosure of the lien on the land against both husband and wife; for plaintiff against the husband for $5,123.80 (being the principal, interest and attorney's fees on the two $2,000 notes), but denying any recovery on the asserted lien. August 4, 1941, the Machiceks delivered in cash to the district clerk $809.73, of which $40.47 was to cover costs to date and $769.26 was to cover the judgment, with interest to date on the $600 note. The clerk credited the former amount to the costs, and deposited it with the county treasurer, and deposited the latter amount in his trust account, his record of trust funds reciting "Judgment on $600 Note and interest to date as of Aug. 4–1941" under the heading "Description of Item." He issued to Machicek his receipt for the $809.73, which recited,

"For Judgment in No. 8772. Barcak v. Machicek et ux. on Six Hundred Dollar Note and costs to date, including interest to date." The same day the clerk wrote to Fertsch and Stavinoha (attorneys for Mrs. Barcak), advising that "The Machiceks were here about eleven o'clock this morning and paid me $729.26 (evidently a clerical error for $769.26) same being the amount due on the $600.00 note together with interest thereon and attorney's fees to date. They also paid the costs amounting to $40.47." Moss (attorney for the Machiceks) wrote Fertsch on August 6, 1941: "I had Mr. August Machicek pay into the registry of the District Court the amount of the judgment in the Barcak case, together with interest and costs, in order to save interest on this amount. The money is with the clerk at the disposal of your client." Mrs. Barcak appealed from that portion of the judgment which disallowed her asserted lien securing the two $2,000 notes. There was no appeal by the Machiceks. The case went first to this court, was transferred to the El Paso Court, and from there went to the Supreme Court where final judgment was rendered April 14, 1943, reforming the trial court's judgment so as to allow the asserted lien securing the two $2,000 notes and award foreclosure thereof, and as so reformed affirming the judgment. Machicek v. Barcak, 141 Tex. 165, 170 S.W.2d 715. May 20, 1943, the clerk paid to Stavinoha and Fertsch $769.26 by check on his trust funds account. Dr. Renger acquired the judgment after this payment.

It is the contention of the Machiceks that the payment into the registry of the court was in full satisfaction of the entire judgment, that there was then a bona fide dispute as to the $4,000, regarding the validity both of the notes and of the asserted lien; and that acceptance of the deposit carried with it acceptance of the condition upon which it was made (full satisfaction of the entire judgment), which constituted complete accord and satisfaction.

■ Since the trial was to the court and no findings of fact were made or requested, the evidence, upon any material controverted issues, must be viewed most strongly in support of the judgment. So viewed, we are clearly of opinion that it will support a finding that the deposit in the registry of the court was for the purpose of stopping interest on the judgment on the $600 note, and was not conditional upon the release of claim either of the liability on the other two notes or the asserted lien securing them.

Independently of this view, however, it is not material whether the tender was made and accepted in full satisfaction of the entire judgment, or only of that portion of it based upon the $600 note. Either of the two following applicable propositions is decisive of the case:

■ 1. There was no dispute regarding the $600 note either as to its validity or the amount due thereon, or the validity of the lien securing it. Hence there was no consideration for relinquishment of the asserted claim upon the two $2,000 notes or the asserted lien securing them. Therefore there would have been no valid accord and satisfaction of the latter claims, even had the money deposited with the clerk been accepted at the time it was deposited and upon the express agreement that it was in full satisfaction of the entire judgment.

■ 2. The deposit was not accepted until after rendition of final judgment by the Supreme Court, at which time there was no controversy whatever between the parties upon any phase of the judgment. There was therefore no consideration which would support an accord and satisfaction of the judgment based on the two $2,000 notes and lien securing them.

The principle upon which these propositions rests is of such ancient origin, and is so firmly embedded in our jurisprudence as to require little, if any, citation of authority.

Illustrative of the principle involved in proposition 1 above Am. Law Inst. (Contracts, Vol. I, p. 85) gives this concrete example: "A owes B a liquidated and undisputed debt of $100. B has also another claim against A, the existence or amount of which is honestly and reasonably disputed by A. A pays B $100 in return for B's agreement to accept the payment in full satisfaction of both claims. There is not sufficient consideration for B's agreement, since A has paid only what he was under a duty to pay."

There is a divergence of view upon the issue whether payment of the conceded amount of a single claim will support a settlement of the balance or disputed portion of the claim. Logically, it may be, application of the above principle would

require a negative answer to this inquiry. An extensive note on this subject will be found in 112 A.L.R. p. 1219 et seq. It would seem that in this jurisdiction the point is now settled in favor of the affirmative. See Inter-Ocean Casualty Co. v. Johnston, 123 Tex. 592, 72 S.W.2d 583 (an adopted opinion of the Commission) expressly approving the holding in Great Southern Life Ins. Co. v. Heavin, Tex. Com.App., 39 S.W.2d 851. A very full collation of Texas authorities bearing upon this subject is contained in Judge Funderburk's dissenting opinion in Washington Nat. Ins. Co. v. Cook, Tex.Civ.App., 80 S.W.2d 327 (error ref.) See also Fennell v. Troell, Tex.Civ.App., 226 S.W. 442. But we are not here concerned with a single claim the amount of which is in part undisputed and in part disputed. The issue here is in regard to two separate and distinct claims, each of which is liquidated. As to the one there is no controversy of any character, either as to validity, amount or what not. When the tender was originally made it had been reduced to judgment. As to the other there was then a dispute, at least as to asserted lien securing it. At the time the tender was accepted all controversy in regard to this claim or the asserted lien had ended in a final judgment of the Supreme Court. There was then no controversy whatever between the parties in regard to any matter involved in the law suit. The authorities are uniform in this jurisdiction that there was no accord and satisfaction under either of the two propositions first set out. We have examined every Texas case cited by either party, as well as many others, and have found none which would support a holding that accord and satisfaction was established under any tenable theory presented by the record in this case. We think it would be unprofitable to list or attempt an analysis of the many cases cited and examined which have bearing upon the issue before us.

■■ As already stated we are further clearly of the view that the evidence will support (if it were necessary) a finding to the effect that the deposit constituted an unconditional tender of payment in full of the judgment only in so far as it was predicated upon the $600 note. At the time of the tender the 207 acres constituted all the property of the Machiceks, 200 acres of which was homestead and not subject to execution. Consequently the substantial controversy between the parties was whether there was a valid vendor's lien securing the two $2,000 notes. The validity of the lien securing the judgment based upon the $600 note was not in controversy and there was no legal way of avoiding that judgment and its enforcement upon the land except by payment in full. The judgment bore interest from its date, and the only way to stop interest was by unconditional tender of the full amount due to date. A tender, conditional upon relinquishment of the disputed claim on the other notes in any respect, would not constitute a valid legal tender. The notation made by the clerk on his trust account record clearly shows his understanding of the purpose of the tender as made by the Machiceks to him in person. The recitation was "Judgment on $600 Note and interest to date as of Aug. 4, 1941." The receipt which he issued to the Machiceks was of like import. There was not only no intimation of a proposed compromise settlement of the judgment on the two $2,000 notes or the asserted lien securing them, but by clear implication that was excluded. Also of like import was the clerk's letter of the same date to Mrs. Barcak's attorneys. The Moss letter of August 6, 1941, to Fertsch was, if anything, even more explicit. He stated that he had had Mr. Machicek pay into the registry of the court the amount of the judgment in the Barcak case, together with interest and costs, in order to save interest on this amount. What amount? Clearly, we think, on the amount paid to the clerk, shown on the clerk's trust account record, evidenced by the clerk's receipt to Machicek, and stated in the clerk's letter to Mrs. Barcak's attorneys. The most that can be said of the transaction as evidenced by the writings was that it was ambiguous on the subject whether the tender was conditional upon satisfaction of the entire judgment. The burden of proof was on the Machiceks to show complete accord and satisfaction; and the court was warranted in finding that such burden was not met. The testimony of Mr. Moss upon this subject adds nothing substantial to the claim of accord and satisfaction. It is not at all clear that he even intended the tender as more than a satisfaction of the portion of the judgment on the $600 note. At one place he answered in the affirmative the following question: "This money was deposited for

the purpose of paying that which you contended was a valid lien against the land." Further in answer to a question whether the deposit was to stop interest: "Not alone. The purpose was to make it as a tender and also that there would be no interest accumulating on the judgment.

"Q. On that part of the judgment? A. Yes, sir, that judgment bore interest. We would naturally have to pay that and the money was deposited there for the purpose of not accumulating any more interest on what we actually owed."

It is to be noted that there was no appeal from the personal judgment on the two $2,000 notes; and unless the tender were made unconditionally as to release of that liability, there could not be a valid tender which would stop the running of interest. The Moss testimony in this regard is at most ambiguous, even if it were competent at all as evidencing the terms on which the deposit was made. Moreover, having put in writing the nature and purpose of the tender, it is not to be presumed that so important a condition as the satisfaction of the entire judgment would be left to inference or conjecture. The natural thing to expect from an able and experienced attorney would be the embodying of such condition in express terms of clear and unequivocal import, and not leave the matter to inference or the fallibility of recollection. The writing was his own and under all the circumstances was fairly susceptible of the construction which the court must have given it if that construction were essential to support the judgment.

This was the manifest construction placed upon the tender by Mrs. Barcak's attorneys, since they credited the entire judgment, in so far as based upon the $600 note, without interest beyond the amount of the deposit, and had execution issued only for the amount based on the two $2,000 notes, the execution reciting that the judgment based upon the $600 note had been satisfied.

After the Supreme Court judgment was rendered Moss took up with Fertsch by telephone the matter of settling the judgment, in which conversation Fertsch offered to take $5,100. Moss interpreted this offer as including the entire judgment and negotiated an agreement for a loan, in which he represented the lender, Dr. Guenther, of $4,500, to be secured by trust deed upon the land. It was during these negotiations that he learned for the first time that the money had been withdrawn. Fertsch told him that the execution was issued in order to save time in case the negotiations fell through. There was no demand either for return of the money or satisfaction of the entire judgment. Negotiations for settlement continued and Moss agreed to complete the proposed settlement at $5,100 if credit on that sum were given of the amount of the deposit. He testified, "* * * that we would still carry out the trade. Now, at that time I hadn't looked into the legality of this withdrawal of this money as attorney for Dr. Guenther. After looking into it I could not advise him to loan that money because these people could, with that withdrawal, I concluded they might plead that on him when he undertook to collect the debt. That is the reason why he didn't carry out this loan unless it was settled according to what we had agreed on, $5,100. And I wrote Mr. Fertsch and asked him to have a release from Mrs. Barcak at the time they came over and we would settle the matter." This letter, dated July 16, 1043, gave no intimation of a contention that the tender was made in full settlement of the judgment. To the contrary it stated: "You having on May 20, 1943, received $769.26 from the District Clerk would leave a balance of $4,330.74 on the basis of a settlement for $5,100." Moss knew all the facts at that time, and it is clear that he did not then interpret them other than as importing an unconditional tender of payment of the judgment to the extent only that it was based upon the $600. The trial court was fully warranted in giving them the same interpretation.

The trial court's judgment is affirmed.

Affirmed.