**Affirmed and Opinion filed October 16, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00906-CV

---

**BYER CUSTOM BUILDERS, Appellant**

**V.**

**STEVEN AND ROBIN FRANKS, Appellee**

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2007-57305**

## O P I N I O N

Byer Custom Builders appeals from a final judgment confirming an arbitrator's award favoring Steven and Robin Franks. The Franks had sued Byer and numerous other defendants involved in the construction of the Franks' residence, alleging defects. In a single issue, Byer contends that the trial court erred in entering final judgment before determining and crediting sums the Franks may obtain or have obtained from other defendants. Byer maintains that such judgment permitted a "double recovery" for the Franks. We affirm.

**Background**

In 2004, the Franks contracted with Byer for the construction of a single-family residence. Byer acted as general contractor, hired several subcontractors to perform particular jobs, and used several different suppliers. Of particular importance, Byer hired MBBO, LLC to perform site work and to construct the pad for the foundation, and it hired KS Construction, Inc. to perform stamped concrete work, including for the driveway.

Upon moving into the completed house, the Franks claimed to have experienced numerous construction-related problems, including failures of the building pad, foundation, deck, and driveway, as well as defective installation of doors and windows and defective site work. In September 2007, the Franks filed suit against Byer and many of the subcontractors, alleging breach of contract, breach of warranty, and negligence. The Franks then settled with several of the subcontractor defendants.

Pursuant to the contract between them, the Franks and Byer arbitrated their dispute. In her award, the arbitrator found that the Franks had incurred $188,334 in damages specifically related to the driveway, framing, pool deck, windows, and paint. The arbitrator further subtracted $162,500 in settlement credits from this sum and awarded the Franks $25,834 in damages along with $138,297 in attorney's fees and expert fees, for a total award of $164,131.

The trial court then lifted the stay it had placed on the litigation and signed an interlocutory order confirming the arbitration award subject to resolution of the Franks' claims against the remaining two defendants, MBBO and KS Construction. On February 8, 2011, the court rendered a default judgment against KS Construction for $98,727 plus attorney's fees. On July 20, 2011, the court dismissed all claims against MBBO with prejudice. At the Franks' request, the court entered a final judgment, essentially reconfirming the arbitration award against Byer and the default judgment against KS Construction. The court further stated in the final judgment, "In the event Franks collects [sic] sums from KS for actual damages, the judgment against Byer shall be reduced in an

2

amount equal to the amount collected by Franks from KS for actual damages up to $35,023.00, by [remittitur]."

## Discussion

In a single issue, Byer contends that in entering final judgment before determining and crediting sums the Franks may obtain or have obtained from other defendants, the trial court permitted the Franks a "double recovery." *See Weeks Marine, Inc. v. Garza*, No. 10–0435, 2012 WL 2361721, at \*3 (Tex. June 22, 2012) ("The basis of a double recovery challenge is that a party recovered twice for one injury.").

Byer has failed to demonstrate that the judgment violates the double-recovery or one-satisfaction rule regarding claims against MBBO. While the Franks alleged in their pleadings that MBBO's site work and construction of the foundation pad did not meet the specifications set by the architect or engineer, the arbitrator did not award damages for any alleged defect in the site work or foundation pad. The arbitrator's damages award specifically related to the driveway, framing, pool deck, windows, and paint.[1] Because the arbitrator did not award any damages against Byer for any of the alleged damage the Franks claimed was caused by MBBO, there could be no violation of the one-satisfaction rule if the Franks received compensation on those claims from MBBO.[2] *See Weeks Marine*, 2012 WL 2361721, at \*3.

As mentioned, the Franks obtained a default judgment against KS Construction, which they had sued for alleged defects in the driveway. Byer neither alleges that the Franks collected any sums from KS Construction in satisfaction of this judgment nor

---

[1] It should also be noted that there were other areas of alleged damage at the house for which the arbitrator did not award monetary relief. For example, the Franks alleged a particular contractor improperly constructed the wall system and stucco, but the arbitrator did not award any actual damages on these claims. The record before us does not reveal whether the arbitrator simply found no actual damage existed in regards to the claims for which she did not award any monetary relief or whether there was another reason for her decision.

[2] We additionally point out that although there is a suggestion in the appellate briefing that a settlement may have occurred between the Franks and MBBO, there is no indication in the briefing or in the record that the Franks received any monetary compensation from MBBO.

provides proof of any such collection. Byer argues instead that the Franks might receive a double recovery in the future if they are allowed to collect on the default judgment against KS Construction as well as against Byer. Byer's suggested remedy is for the court to wait indefinitely before entering a final judgment. Byer offers no support for such resolution and we have found none.

In its judgment, the trial court stated that should such recovery occur, "the judgment against Byer shall be reduced in an amount equal to the amount collected by Franks from KS for actual damages up to $35,023.00, by [remittitur]." That is the amount of damages for which the arbitrator found Byer liable relating to the driveway, on which KS Construction was the subcontractor. The Franks have not appealed or challenged the trial court's remittitur language. Byer offers no argument, analysis, or citation to authority suggesting that this remittitur by the trial court was improper; indeed, Byer does not even mention the court's remittitur language. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Brown v. Green*, 302 S.W.3d 1, 14-15 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (declining to make arguments for an appellant or speculate on arguments that could have been made). We do not address the appropriateness of the unchallenged remittitur language in the trial court's judgment.

We find Byer's arguments to be without merit and overrule its sole issue. Accordingly, we affirm the trial court's judgment.


/s/    Martha Hill Jamison
       Justice

Panel consists of Justices Frost, Christopher, and Jamison.

4