ACCEPTED
03-14-00738-CV
5643512
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/11/2015 3:29:35 PM
JEFFREY D. KYLE
CLERK

# 03-14-00738-CV

In the Court of Appeals
For the Third District of Texas at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/11/2015 3:29:35 PM
JEFFREY D. KYLE
Clerk

**Elness, Swenson, Graham Architects, Inc.,**
*Appellant and Cross-Appellee,*

**v.**

**RLJ II-C Austin Air, LP, RLJ II-C Austin Air Lessee, LP,
and RLJ Lodging Fund II Acquisitions, LLC,**
*Appellees and Cross-Appellants.*

On Appeal from the
200th Judicial District Court of Travis County, Texas
Cause Number: D-1-GN-002325
The Honorable Stephen Yelenosky, Presiding Judge

## CROSS-APPELLEE'S RESPONSE BRIEF

*Attorneys for Appellant and Cross-Appellee*

**MACDONALD DEVIN, PC**
3800 Renaissance Tower
Dallas, Texas 75270
214.744.3300 telephone
214.747.0942 facsimile

**Gregory N. Ziegler**
Texas Bar No. 00791985
GZiegler@MacdonaldDevin.com
**Weston M. Davis**
Texas Bar No. 24065126
WDavis@MacdonaldDevin.com
**Steven R. Baggett**
Texas Bar No. 01510680
SBaggett@MacdonaldDevin.com

*Oral argument requested*

## STATEMENT REGARDING ORAL ARGUMENT

Cross-Appellee respectfully requests the opportunity to present oral argument, and has so noted on the cover of this Brief.[2] Although the facts and legal arguments at issue are thoroughly represented in this Brief and the record, oral argument will significantly aid the decision in this case because it addresses complex issues of common law and contractual interpretation, as well as evidentiary issues.

---

[2] *See* Tex. R. App. P. 39.7.

895484   402/122

TABLE OF CONTENTS

**Statement on Oral Argument** ..............................................................................i

**Table of Contents** .......................................................................................... ii

**Index of Authorities** ....................................................................................iv

**Statement of Additional Facts** ......................................................................2

**Summary of the Argument** ...........................................................................5

**Argument** .......................................................................................................5

      I.      **Standard of Review** ................................................................5

      II.     **Texas law does not require joint and several liability for application of the one-satisfaction rule. (Issue No. A.1)** .................6

      III.    **RLJ admitted its damages were indivisible and presented only evidence of indivisible damages. (Issue No. A.2)** ...........................14

      IV.    **Texas law unequivocally holds that the one-satisfaction rule applies to breach of contract claims. (Issue No. A.3)** .....................20

      V.     **Application of the one-satisfaction rule in this case cannot violate any constitutional right to freedom of contract. (Issue No. A.4)** .23

      VI.    **ESG did not waive or otherwise fail to preserve its right to settlement credits. (Issue No. A.5)** .................................................25

      VII.  **The trial court properly excluded attorney's fees attributable to EBCO and Terracon from the fee award issued to RLJ. (Issue No. B)** ...........................................................................................29

**Prayer** ............................................................................................................31

**Certificate of Service** ...................................................................................33

895484    402/122

**Certificate of Compliance** ...................................................................................33

895484    402/122

# INDEX OF AUTHORITIES

## Cases

*All Saints Catholic Church v. United Nat'l Ins. Co.,*
   257 S.W.3d 800 (Tex. App. – Dallas 2008, no pet.) .................................. 27

*Allen v. Nersesova,*
   307 S.W.3d 564 (Tex. App.–Dallas 2010, no pet.) ........................................8

*Allison v. Fire Ins. Exch.,*
   98 S.W.3d 227 (Tex. App. – Austin 2002, no pet.)..................................... 27

*Alvord v. Waggoner,*
   32 S.W. 872 (Tex. 1895)(cited in Section II, *supra* , n.2) ........................6, 21

*Amalgamated Transit Union, Local Div. 1338 v. Dallas Pub. Transit Bd.,*
   430 S.W.2d 107 (Tex. Civ. App.-Dallas 1968, writ ref'd n.r.e.) ................ 24

*AMX Enterprises, Inc. v. Bank One, N.A.,*
   196 S.W.3d 202 (Tex. App.–Houston [1st Dist.] 2006, pet. denied).............22

*Andrews v. Harvey,*
   39 Tex. 123 (Tex. 1873) .........................................................................6, 21

*Bradshaw v. Baylor Univ.,*
   84 S.W.2d 703 (1935) ............................................................................... 20

*Brown v. American Transfer and Storage Co.,*
   601 S.W.2d 931 (Tex. 1980) ......................................................................13

*Bullock v. Regular Veterans Ass'n.,*
   806 S.W.2d 311 (Tex. App.—Austin 1991, no pet.) .................................. 29

*Burke v. Union Pacific Resources Co.,*
   138 S.W.3d 46 (Tex. App.–Texarkana 2004, pet. denied) ........................ 8-9

*B&W Supply, Inc. v. Beckman,*
   305 S.W.3d 10 (Tex. App. – Houston [1st Dist.] 2009, pet. denied ..............26

*Byer Custom Builders v. Franks,*
     389 S.W.3d 880 (Tex. App.–Houston ([14 Dist.] 2012, no pet.) ........... 17-18

*City of San Benito v. Rio Grande Valley Gas Co.,*
     109 S.W.3d 750 (Tex. 2003) ........................................................................ 6

*Coastal Transport Co. v. Crown Cent. Petroleum Corp.,*
     136 S.W.3d 227 (Tex. 2004) ..................................................................... 28

*Cunningham v. Haroona*,
     382 S.W.3d 492 (Tex. App.–Fort Worth 2012, pet. denied)........................22

*CTTI v. Priesmeyer*,
     164 S.W.3d 675 (Tex. App.–Austin 2005, no pet.) ................................. 12-13

*Dalworth Restoration, Inc. v. Rife-Marshall,*
     No. 02-12-00381-CV, 2014 Tex. App. LEXIS 5271 (Tex. App.– Fort Worth
     May 15, 2014, no pet.)..................................................................................26

*Duncan v. Cessna Aircraft Co.,*
     665 S.W.2d 414 (Tex. 1984) .......................................................................19

*El Paso Natural Gas Co. v. Berryman,*
     858 S.W.2d 362 (Tex. 1993) ..................................................................... 21

*Emerson Electric Co. v. Am. Permanent Ware Co.,*
     201 S.W.3d 301 (Tex. App.–Dallas 2006, no pet.) ......................................22

*Entergy Gulf States, Inc. v. Summers,*
     282 S.W.3d 433 (Tex. 2009) ..................................................................... 23

*First Title Co. of Waco v. Garrett,*
     860 S.W.2d 74 (Tex. 1993) ...................................................................... 10-11

*Galle, Inc. v. Pool,*
     262 S.W.3d 564 (Tex. App.—Austin 2008, pet. denied) ......... 7, 9-12, 18-19

*GE Capital Comm., Inc. v. Washington Nat'l Bank,*
  754 F.3d 297 (5th Cir. 2014) ...................................................... 10-11

*Gevinson v. Manhattan Constr. Co. of Okla.,*
  449 S.W.2d 458 (Tex. 1969) ...........................................................14

*Horizon/CMS Healthcare Corp. v. Auld,*
  34 S.W.3d 887 (Tex. 2000) ............................................................ 28

*Houston Unlimited, Inc. v. Mel Acres Ranch,*
  443 S.W.3d 820 (Tex. 2014) .................................................... 16, 28

*Howell v. Texas Workers' Comp. Comm'n,*
  143 S.W.3d 416 (Tex. App. – Austin 2004, pet. denied) ............................ 24

*Hunt v. Ellisor & Tanner,*
  739 S.W.2d 933 (Tex. App.—Dallas 1987, pet. denied) ............................ 18

*Hunt v. Ziegler,*
  271 S.W. 936 (Tex. App. 1925, *aff'd* 280 S.W. 546 (Tex. 1926) ......... 20-21

*In re Day,*
  342 S.W.3d 193 (Tex. App.—Beaumont 2011, pet. denied) ...................... 16

*In re Laibe Corp.,*
  307 S.W.3d 314 (Tex. 2010) ......................................................... 29

*Kizer v. Meyer, Lytton, Alen & Whit-Aker, Inc.,*
  228 S.W.3d 384 (Tex. App. – Austin 2007) ....................................... 8-9, 12

*Knesek v. Witte,*
  754 S.W.2d 814 (Tex. App. – Houston [1st Dist.] 1998, writ denied) ..........29

*Lewis v. Exxon Co.,*
  786 S.W.2d 724 (Tex. App. – El Paso 1989, no pet.) ................................20

*Lewis v. Taylor,*
  17 Tex. 57 (Tex. 1856) ............................................................ 6, 21

895484   402/122

*Marquis Acquisitions, Inc. v. Steadfast Ins. Co.,*
     409 S.W.3d 808 (Tex. App. – Dallas 2013, no pet.) .................................. 26

*Matthews v. P.D. Sohn,*
     No. 13-12-00302-CV, 2013 Tex. App. LEXIS 7277 (Tex. App.—Corpus
     Christi June 13, 2013, no pet.) .........................................................................8

*McGinty v. Hennen,*
     372 S.W.3d 625 (Tex. 2012) ................................................................... 16

*Mobil Oil Corp. v. Ellender,*
     968 S.W.2d 917 (Tex. 1998) ................................................................... 17

*Metal Bldg. Components, LP v. Raley,*
     No. 03-05-00823, 2007 Tex. App. LEXIS 186 (Tex. App.–Austin Jan. 10,
     2007, no pet.) ..................................................................................... 8-9, 11

*National City Bank of Indiana v. Ortiz,*
     401 S.W.3d 867 (Tex. App.–Houston [14 Dist.] 2013,
     pet. denied) .................................................................................. 25-27, 29

*Osborne v. Jauregui, Inc.,*
     252 S.W.3d 70 (Tex. App. – Austin 2008, pet. denied) (en banc)....... 7, 9, 12

*Oyster Creek Fin. Corp. v. Richwood Investments II, Inc.,*
     176 S.W.3d 307 (Tex. App.—Houston [1st Dist.] 2004, pet.
     denied) ................................................................................................ 5, 8

*Price Pfister, Inc. v. Moore & Kimmey, Inc.,*
     48 S.W.3d 341 (Tex. App. – Houston [14 Dist.] 2001, pet. denied).............25

*Regions Bank v. Bay,*
     No. 05-12-00531, 2013 Tex. App. LEXIS 11811 (Tex. App.–Dallas Sept.
     18, 2012, no pet.) ..................................................................................22

*Roberts v. Grande,*
     868 S.W.2d 956 (Tex. App.—Houston [14th Dist.] 1994, no pet.) .............20

895484    402/122

*Robertson v. ADJ Partnership, Ltd.,*
     204 S.W.3d 484 (Tex. App.-Beaumont 2006, pet. denied) ......................... 17

*Safety Cas. Co. v. Wright,*
     160 S.W.2d 238 (Tex. 1942) ............................................................. 13, 30

*Snyder v. Eanes Indep. Sch. Dist.,*
     860 S.W.2d 692 (Tex. App.-Austin 1993, writ denied) ........................ 15, 26

*Stewart Title Guar. Co. v. Sterling,*
     822 S.W.2d 1 (Tex. 1991) ....................................................................19

*Tesfa v. Stewart,*
     135 S.W.3d 272 (Tex. App.–Fort Worth 2004, pet. denied) ...................... 18

*Tex. Capital Sec. Inc. v. Sandefer,*
     108 S.W.3d 923 (Tex. App.—Texarkana 2003, pet. denied) ........................ 5

*Texas Standard Oil & Gas, L.P. v. Frankel Offshore Energy, Inc.,*
     394 S.W.3d 753 (Tex. App.–Houston [14 Dist.] 2012, no pet. ................... 14

*Tony Gullo Motors I, L.P. v. Chapa,*
     212 S.W.3d 299 (Tex. 2006) .................................................................. 30

*Utts v. Short,*
     No. 03-03-00512, 2004 Tex. App. LEXIS 2874 (Tex. App.—Austin Apr. 1,
     2004, pet. denied) ................................................................................ 6

*Utts v. Short,*
     81 S.W.3d 822 (Tex. 2002) ................................................................ 6-7

*Wayne v. A.V.A.Vending, Inc.,*
     52 S.W.3d 412 (Tex. App. – Corpus Christi 2001, pet.
     denied) ................................................................................................ 29

*Woods v. State,*
     301 S.W.3d 327 (Tex. App.—Houston [14 Dist.] 2009,
     pet. ref'd) ............................................................................................ 16

 895484   402/122

## Statutes

Tex. Civ. Prac. & Rem. Code § 32.001 .......................................................... 22-23

Tex. Civ. Prac. & Rem. Code § 33.001 .......................................................... 22-23

Tex. Civ. Prac. & Rem. Code § 38.001 ..............................................................29

Tex. R. Civ. P. 94 ............................................................................................29

## Rules

Tex. R. App. P. 39.7..........................................................................................i

895484   402/122

# 03-14-00738-CV

In the Court of Appeals
For the Third District of Texas at Austin

---

**Elness, Swenson, Graham Architects, Inc.,**

*Appellant and Cross-Appellee,*

**v.**

**RLJ II-C Austin Air, LP, RLJ II-C Austin Air Lessee, LP, and RLJ Lodging Fund II Acquisitions, LLC,**

*Appellees and Cross-Appellants.*

---

On Appeal from the
200th Judicial District Court of Travis County, Texas
Cause Number: D-1-GN-002325
The Honorable Stephen Yelenosky, Presiding Judge

---

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Cross-Appellee Elness, Swenson, Graham Architects, Inc. ("ESG") provides the following response to the Brief of Cross-Appellants RLJ II-C Austin Air, LP, RLJ II-C Austin Air Lessee, LP, and RLJ Lodging Fund II Acquisitions, LLC (collectively, "RLJ"):

895484    402/122

## STATEMENT OF ADDITIONAL FACTS

RLJ's statement of facts and issues on appeal attempt to show allocation of damages **on appeal** despite the fact that RLJ presented no such evidence **to the trial court**. RLJ's complaint alleged indivisible damages as follows:

> As a direct, natural, probable, and foreseeable consequence associated with breaches of contract by **EBCO, ESG**, Swenson, HBC, Swoboda, and **Terracon**, Plaintiffs have sustained damages for which they sue herein.
>
> . . .
>
> As a result of the breaches of contract, breach of fiduciary duties, breach of warranty, tort/negligence breaches, and negligent acts alleged above, Plaintiffs have sustained damages in excess of the minimal jurisdictional requirements of this court. The appropriate measure of damages for the breach of contract and breach of warranty claims is the difference in value between the building as constructed, and the value of the building had it been designed and constructed pursuant to the respective contracts. In the alternative, the measure of damages is the cost to fully and completely repair the Project.

CR:195; 200-01 (¶¶49, 73) (emphasis added).[1]  RLJ did not allocate or differentiate between the alleged damages caused by ESG and those of the settling parties at issue, Terracon Consultants, Inc. ("Terracon") and EBCO General Contractor, Ltd., EBCO Advanced Building Systems, Ltd., and EBCO Warrior Management LLC (collectively "EBCO").  CR:195; 200-02.  Confirming this fact,

---

[1] ESG adopts the format for citation to the record identified on pages 1-2, notes 1 and 3 of RLJ's Brief.

895484.2   402/122

RLJ sought "judgment against the Defendants, jointly and severally, for their damages." CR:202.

At trial, counsel for ESG asked RLJ's expert witness on market value damages if he had allocated any damages to any particular party's breach or conduct. RR:V.7, 159:8-20. RLJ's witness stated that he was unable to allocate or "parse out" any damages to any particular party. *Id*. RLJ's appellate brief admits it did not present evidence of allocation of damages, stating "RLJ was not given the opportunity to segregate or apportion damages to satisfy the trial court's reasoning before the case was submitted to the jury." RLJ Brief at 13, n.4. The record does not contain any request from RLJ to the trial court for an "opportunity" to present evidence segregating or apportioning its damages.

After the jury issued its verdict, ESG presented evidence that the damages award contained indivisible damages by referencing RLJ's complaint. CR:1173-1178. ESG also submitted RLJ's settlement agreements with Terracon and EBCO, which did not allocate damages to any particular claim. CR:1461-1488. RLJ agreed to release EBCO from the following:

> any and all actions, causes of actions, claims, demands, costs, loss of services, expenses, and compensation on account of or in any way growing out of any known and unknown damages which Releasors may now or hereafter have against Releasees resulting, existing or alleged to result from, related to or ***arising out of, the Project***, the Contract, ***repair/remediation of the Project, allegations asserted against Releasees described in any of***

> ***Releasors' pleadings filed in the above-referenced
> lawsuit, involving any services, work or materials
> provided by Releasees, or any claim(s) against
> Releasees involving the Project***.

CR:1468-69 (emphasis added). Likewise, RLJ agreed to release Terracon from the following:

> all Claims and Causes of Action arising out of or relating to the Occurrence in Question as defined above, including but not limited to, all Claims and Causes of Action which have been asserted, could have been asserted, or may accrue in the future or otherwise become known to Releasor as claims that could be asserted against the Released Parties by Releasor based upon the Occurrence in Question.

CR:1479. The "Occurrence in Question" is defined to include the allegations in RLJ's petition. CR:1477. ESG's evidence of common damages and indivisible injury shifted the burden to RLJ to provide evidence of allocation of damages. CR:1173-78. RLJ did not provide any allocation evidence and subsequently ***admitted in pleadings*** to the trial court that RLJ's injuries in this case are "***indivisible***." CR:1266 ("***In a case involving indivisible injury, such as this*** . . .") (emphasis added).

Based on RLJ's pleadings and evidence at trial, the trial court properly entered a judgment applying the full amounts of the EBCO and Terracon settlements to the jury's verdict. CR:1437-41; 1708-12.

895484.2   402/122

SUMMARY OF THE ARGUMENT

A plaintiff cannot recover twice for the same injury. This is not a new or novel principle of law—case law in Texas applying this principle dates back to the 1800s. Presumably seeking to maximize their recovery in this case, RLJ pled and repeatedly emphasized that their alleged injuries (foundation damage) and alleged monetary damages were indivisible and sought to recover all of their damages jointly and severally from all defendants. Because RLJ alleged that each defendant caused the same injury and damage, the trial court properly applied RLJ's settlements as credits against the jury's verdict. Absent evidence that RLJ's settlements applied to damages solely caused by parties other than ESG, which RLJ admits does not exist, Texas law requires full application of the settlement credits to avoid double recovery.

ARGUMENT

I.     **Standard of review**

The trial court's determination regarding the amount of the settlement credit is reviewed for an abuse of discretion. *See Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc.*, 176 S.W.3d 307, 328 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Texas Cap. Sec. Inc. v. Sandefer*, 108 S.W.3d 923, 925 (Tex. App.—Texarkana 2003, pet. denied). The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles or, stated another way,

whether its decision was arbitrary or unreasonable. *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003). Weighing the evidence with respect to the amount of the settlement credit involves the exercise of the trial court's discretion, and the trial court will not be held to have abused its discretion if some evidence reasonably supports its decision. *Utts v. Short,* No. 03-03-00512, 2004 Tex. App. LEXIS 2874, at *10-11 (Tex. App.—Austin Apr. 1, 2004, pet. denied).

## II.     Texas law does not require joint and several liability for application of the one-satisfaction rule. (Issue No. A.1)

RLJ has scant authority for its position that the one-satisfaction rule does not apply in this case.  Attempting to craft an argument where precedent does not exist, RLJ argues that the one-satisfaction rule was created only to apply to contribution claims and never intended to apply outside of tort claims.  RLJ Brief at 19-21.  To the contrary, the Texas Supreme Court began enforcing the one-satisfaction rule as early as 1856, with the only requisite being that the claimant may not recover twice for the same injury.[2]  The Supreme Court has explained that Texas' statutory contribution scheme for tort claims **upholds** the broader one-satisfaction rule.  *Utts*

---

[2] *Lewis v. Taylor*, 17 Tex. 57 (Tex. 1856) ("in an action or actions against several persons for the same trespass, the plaintiff can have judgment separately against each of them, and separate executions; ***but he can have but one satisfaction***"); *Andrews v. Harvey*, 39 Tex. 123 (Tex. 1873) ("The liability of the appellant and McGrew may exist at the same time, ***although there can be but one satisfaction***"); *Alvord v. Waggoner*, 32 S.W. 872, 873 (Tex. 1895) ("Alvord had the right to sue Fosdick or Eustis upon the warranties contained in these deeds, or he might have sued each of them, ***but he could have but one satisfaction of his damages***.") (emphasis added in each).

6

*v. Short*, 81 S.W.3d 822, 831-32 (Tex. 2002). The Supreme Court in *Utts* did not find that Civil Practice and Remedies Code Chapter 33 supersedes the one-satisfaction rule—it complements the one-satisfaction rule. *Id*. As the recent Texas precedent discussed below reveals, the one-satisfaction rule applies to any and all claims and simply holds that a party may not recover for the same injury twice.

RLJ seeks to inhibit the simple application of the one-satisfaction rule by introducing a new requirement—joint and several liability. RLJ's description of joint and several tort liability and Texas' statutory contribution scheme is a straw man intended to deflect attention from Texas' common law one-satisfaction rule. RLJ Brief at 21-22. The authority contrary to RLJ's position is overwhelming—neither this Court nor any other appellate jurisdiction in Texas holds that the one-satisfaction rule is limited by the particular cause of action asserted by the plaintiff:

> *Galle, Inc. v. Pool*, 262 S.W.3d 564, 573 (Tex. App.—Austin 2008, pet. denied) ("if the plaintiff has suffered ***only one injury, even if based on 'overlapping and varied theories of liability***,' the plaintiff may only recover once") (emphasis added);
>
> *Osborne v. Jauregui, Inc.,* 252 S.W.3d 70, 75 (Tex. App.—Austin 2008, pet. denied) (en banc) (application of the one-satisfaction rule "***is not limited to tort claims***, and whether the rule may be applied depends not on the cause of action asserted but rather the injury sustained") (emphasis added);

*Metal Bldg. Components, LP v. Raley,* No. 03-05-00823, 2007 Tex. App. LEXIS 186 at *58, n.22 (Tex. App.—Austin Jan. 10, 2007, no pet.) ("***The one satisfaction rule is consistent with principles of contract law***, which preclude a non-breaching party from recovering damages for breach of contract that would put the non-breaching party in a better position than if the contract had been performed.") (emphasis added).

*Kizer v. Meyer, Lytton, Alen & Whit-Aker, Inc.,* 228 S.W.3d 384, 392, n.3 (Tex. App.—Austin 2007) ("some or all of his potential recovery on a ***breach of contract*** claim in a later district court lawsuit might well be barred due to the application of the one-satisfaction rule which prohibits more than one recovery for a given harm") (emphasis added);

*Allan v. Nersesova,* 307 S.W.3d 564, 574 (Tex.App.—Dallas 2010, no pet.) ("The one-satisfaction rule prohibits a plaintiff from recovering twice for a single injury . . . ***Whether the rule applies is determined not by the cause of action, but by the injury***.") (citations omitted) (emphasis added);

*See Oyster Creek,* 176 S.W.3d at 328 (allowing settlement credit and finding one injury even though causes of action against separate defendants included one for tort and one for ***contract***);

*Matthews v. Sohn,* 13-12-00302-CV, 2013 Tex. App. LEXIS 7277, at *14 (Tex. App.—Corpus Christi June 13, 2013) ("The one satisfaction rule applies when '***there is only one injury, even if it is based on several overlapping and varied theories of liability***.'") (citations omitted) (emphasis added);

*Burke v. Union Pac. Res. Co.,* 138 S.W.3d 46, 70 (Tex. App.—Texarkana 2004, pet. denied) **(applying settlement credit to breach of contract claim without**

8

**addressing joint and several liability**) (emphasis added).

This Court's opinion in *Galle, Inc. v. Pool* is directly on point and holds that the application of the one-satisfaction rule "is not limited to tort claims, and whether the rule may be applied depends not on the cause of action asserted but rather the injury sustained." 262 S.W.3d at 573. RLJ attempts to distinguish *Galle* by stating that the plaintiff in the trial court elected negligent misrepresentation damages rather than breach of contract. RLJ Brief at 28. RLJ incorrectly asserts that this supports the argument that the one-satisfaction rule only applies to tort claims. *Id*. This Court directly confronted the argument RLJ makes here and refuted it, plainly holding that the one-satisfaction rule applied to the breach of contract claim. 262 S.W.3d at 573-74. This Court has confirmed the rule stated in *Galle* on numerous occasions. *See Osborne,* 252 S.W.3d at 75; *Metal Bldg.,* 2007 Tex. App. LEXIS 186 at *58, n.22; *Kizer*, 228 S.W.3d at 392, n.3.

RLJ's tortured interpretation of the one-satisfaction rule is wrong but, even according to RLJ's standards, the trial court properly applied the settlement credits in this case. RLJ pled that ESG, EBCO, and Terracon were jointly and severally liable for RLJ's breach of contract claims. CR:202. RLJ now runs from this allegation and seeks to explain why there cannot be joint and several contractual liability. RLJ Brief at 31-32. Even where joint and several liability is addressed in

9

relation to the one-satisfaction rule, the only requirement is an ***allegation*** of joint and several liability. The merits of such a claim are not relevant.

RLJ points to a recent decision in the United States Court of Appeals for the Fifth Circuit[3] to argue that, where the one-satisfaction rule applies to contractual claims, it only applies if there is a ***finding*** of joint and several liability between the defendants. RLJ Brief at 23-34. The *GE Capital* decision, however, holds only that the one-satisfaction rule requires an ***allegation*** by the plaintiff of joint and several liability between the defendants. 754 F.3d at 308-309. In *GE Capital,* ***the plaintiff never alleged joint liability or indivisible injury.*** *Id*. at 308. Based on the lack of any such allegations, the Fifth Circuit determined that the two defendants "did not 'commit the same act' or 'commit technically different acts that result in a single injury.'" *Id*. at 309 (citation omitted). In reaching its ruling, the Fifth Circuit examined the *Galle, Inc. v. Pool* decision and the Texas Supreme Court's decision in *First Title Co. of Waco v. Garrett*, 860 S.W.2d 74 (Tex. 1993). In *Garrett*, the Supreme Court applied the one-satisfaction rule "although not adjudicated to be joint tortfeasors, [the defendants] cannot reasonably be said to have caused separate injuries" and "reaffirmed" that the one-satisfaction rule "prohibits a plaintiff from recovering twice from the same injury." 860 S.W.2d at 79.

---

[3] *GE Capital Comm., Inc. v. Washington Nat'l Bank*, 754 F.3d 297, 306 (5th Cir. 2014).

Addressing *Garrett* and *Galle*, the Fifth Circuit explained that those decisions did not support application of the one-satisfaction rule in *GE Capital* **because the pleadings in GE Capital did not evidence any "common liability."** *GE Capital*, 754 F.3d at 306-07, n.9 (emphasis added). The Fifth Circuit stated that, unlike the pleadings in *GE Capital*, the pleadings in *Garrett* and *Galle* both included **allegations** that the defendants at issue were jointly liable. *Id.* The court reasoned that the presence of allegations of joint liability allowed application of the one-satisfaction rule. *Id.*

Unlike *GE Capital*, RLJ admitted and pled that (1) RLJ's damages were "indivisible" (CR:1266) and (2) ESG, EBCO, and Terracon were jointly and severally liable for those damages (CR:202). The *GE Capital* analysis is consistent with Texas' one-satisfaction case law, which provides that a settlement credit is applicable where the plaintiff alleges joint liability and/or indivisible damages and settles with one party but not another. *See Galle*, 262 S.W.3d at 572; *Garrett*, 860 S.W.2d at 79.

RLJ also relies on *CTTI v. Priesmeyer* to argue that the one-satisfaction rule requires a finding of joint and several contractual liability. RLJ Brief at 32-33. To the contrary, this Court in *CTTI* explained the burden shifting procedure that occurs for credits under the one-satisfaction rule to mean "Where there are at least some damages for which there could be joint and several liability," the burden

11 895484.2  402/122

shifts to the Plaintiff to establish an allocation of damages applicable solely to the settling parties.[4] 164 S.W.3d 675, at 685, n.3 (Tex. App.—Austin 2005, no pet.). Absent such an allocation, it is presumed that all settlement amounts are joint damages, even if it is "theoretically" possible that some damages are separable. *Galle*, 262 S.W.3d at 572-73.

In this case, ESG satisfied the initial burden to show that there are "at least some damages for which there could be joint and several liability." *CTTI*, 164 S.W.3d at 685, n.3. RLJ sought joint and several damages from ESG, EBCO, and Terracon both in their pleadings and at trial. CR:202; RR:V.7, 159:8-20. Thus, the burden shifted to RLJ to show allocation of damages applicable only to ESG. *Galle*, 262 S.W.3d at 572-73. RLJ did not satisfy that burden and admitted that the damages against ESG were "indivisible" from those alleged against EBCO and Terracon. CR:1266.

Despite pleading joint and several liability (CR:202), RLJ argues in its brief that ESG's contractual duties were distinct from EBCO's and Terracon's, so joint and several liability could not apply. RLJ Brief at 25-31. This argument must fail because RLJ is bound by its own pleadings, ***which allege joint and several***

---

[4] To the extent that RLJ argues that *CTTI* stands for the proposition that the one-satisfaction rule only applies to tort claims, ESG asserts that the holding itself acknowledges and allows for the application to breach of contract claims. Further, subsequent opinions of this Court have overruled any such precedent set by *CTTI*. *See Galle*, 262 S.W.3d at 572-73; *Osborne*, 252 S.W.3d at 75; *Metal Bldg.*, 2007 Tex. App. LEXIS 186 at *58, n.22; *Kizer*, 228 S.W.3d at 392, n.3.

***contractual liability***.  *Safety Cas. Co. v. Wright*, 160 S.W.2d 238, 245 (Tex. 1942) ("parties are restricted in the appellate court to the theory on which the case was tried in the lower court"); CR:202.  RLJ's analysis of the particular contractual duties of the parties is irrelevant. RLJ Brief at 34-39.  The issue is not whether the contractual duties were exactly the same, but whether "there are at least some damages for which there could be joint and several liability."  *CTTI*, 164 S.W.3d at 685, n.3.  RLJ pled and presented their case at trial as if there were such damages.

RLJ's argument regarding the collateral source rule is a non-sequitur, as the collateral source rule applies only to insurance payments, which are not at issue in this case.  *Brown v. American Transfer and Storage Co.*, 601 S.W.2d 931, 935-36 (Tex. 1980).  RLJ asks this Court to not only stretch the blanket of coverage afforded the collateral source rule, but to sew new patches to broaden its application to serve RLJ's purposes here.  Contrary to RLJ's argument, application of the one-satisfaction rule in this case cannot "obliterate" the collateral source rule because it does not apply.  By the same token, it necessarily follows that RLJ's request of this Court to make new law extending the collateral source rule should be rejected because doing so would effectively "obliterate" the centuries-old one-satisfaction rule.

Texas law requires RLJ to live with the consequences of their pleading and proof at trial.  RLJ chose to present their case as one of joint liability and joint

895484.2   402/122

damages between ESG, EBCO, and Terracon. RLJ also chose to settle its claims against EBCO and Terracon and receive compensation in exchange for release of the alleged joint liability and joint damages. The trial court did not abuse its discretion in applying the one-satisfaction of judgment rule to the jury's verdict.

### III. RLJ admitted its damages were indivisible and presented only evidence of indivisible damages. (Issue No. A.2)

RLJ argue that, although it presented evidence of indivisible damages, the jury (without any evidence) apportioned the damages only to ESG's alleged breach of contract and excluded the other alleged breaches. RLJ Brief at 39-47. RLJ's argument is based solely on the fact that the charge asked the jury to award damages for ESG's alleged breach of contract and did not include breaches by other parties. *Id*. RLJ also argue on appeal that its damages are not indivisible. RLJ Brief at 39-41. RLJ judicially admitted that the damages at issue are "indivisible." CR:1266 ("*In a case involving indivisible injury such as this* . . ."); *Texas Standard Oil & Gas, L.P. v. Frankel Offshore Energy, Inc*., 394 S.W.3d 753, 764-65 (Tex. App.—Houston [14 Dist.] 2012, no pet.); *Gevinson v. Manhattan Constr. Co. of Okla*., 449 S.W.2d 458, 466 (Tex. 1969).

Even ignoring RLJ's admission, their argument puts the cart before the horse – the jury can only award damages according to the proof presented at trial. Because RLJ only presented evidence of joint or "indivisible" damages, the jury's award necessarily included such damages. RR:V.7, 159:8-20; RLJ Brief at 13, n.4.

895484.2   402/122

In seeking to recover damages for ESG's alleged breach of contract, RLJ bore the burden to establish damages "resulting" from any such breach. *See Snyder v. Eanes Indep. Sch. Dist.*, 860 S.W.2d 692, 695 (Tex. App.—Austin 1993, writ denied). RLJ provided no evidence as to the alleged damage caused by ESG. *See* CR:1127; RR:V.7, 159:8-20. Instead, RLJ's evidence supporting their claim for damages addressed the total alleged losses attributable to all design professionals, contractors, and subcontractors on the Hotel project—including ESG, MBA, EBCO, and Terracon. *Id*.

Despite the lack of evidence supporting their specific damage claims against ESG, RLJ claim the jury's answers to Question 3 reflect the damages allegedly resulting from ESG's breach alone. RLJ Brief at 39-47. This claim is based on the fact that the jury's finding of $700,000 in lost market value damages is substantially less than the $6,430,000 amount RLJ's expert, Paul Hornsby, opined to be the total market value loss on the Hotel. *See* CR:1127; RR:V.7, 143-44, 148. According to RLJ, this reduction in the amount RLJ sought to recover necessarily means the jury "allocated" the amount of loss attributable to ESG from the total amount of the lost market value on the Hotel in answering the question on damages. RLJ Brief at 39-47. It means nothing of the sort.

RLJ attempts to point to trial counsel's closing argument as RLJ's evidence of apportionment or allocation. RLJ Brief at 45-46. Of course, counsel's

argument is not evidence. Nevertheless, RLJ argues to this Court that in closing argument at trial, RLJ's attorney suggested to the jury that they should subtract 20% of the total alleged $6,430,000 total market value loss in determining the amount of damages to award RLJ in their claim against ESG, which would make the total approximately $5.1 million. *Id*. These statements in the closing argument are not evidence, and there is no evidence in the record supporting this 20% reduction argument.[5] *See In re Day*, 342 S.W.3d 193, 197 (Tex. App.—Beaumont 2011, pet. denied); *Woods v. State*, 301 S.W.3d 327, 332 n.1 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Counsel for ESG, on the other hand, argued there was no market value loss attributable to ESG. RR:V.10, 54:13-56:9.[6]

Even if there were any evidentiary basis for the lost market value damages the jury awarded (there is not), RLJ's assumption that the $700,000 finding reflects the market value loss resulting from ESG's alleged breach is just that—***an unsupported assumption***. There is no indication at all that the amount the jury found was actually intended to reflect market value loss attributed to ESG. The

---

[5] The 20% figure was apparently an arbitrary number chosen by counsel for RLJ. It was not based on any testimony or documentary evidence admitted at trial.

[6] The only evidence of any alleged lost market value presented at trial was the expert testimony of Paul Hornsby. As discussed in more detail in Appellant's Brief, Hornsby's testimony was irrelevant and unreliable, and it failed to satisfy the standards for expert testimony under Texas law. *See* ESG Appellant's Brief, pp. 36-56. Because RLJ failed to provide legally sufficient evidence of its alleged lost market value damages, there can be no recovery of such damages. *See Houston Unlimited, Inc. v. Mel Acres Ranch*, 443 S.W.3d 820, 838, (Tex. 2014); *McGinty v. Hennen*, 372 S.W.3d 625, 629 (Tex. 2012).

only conclusion the trial court could have reached (and the conclusion this Court must now reach), based on the evidence presented, is that the jury was not persuaded by RLJ's evidence as to the amount of damages RLJ allegedly incurred and, as the finder of fact, rendered its verdict accordingly for a lesser amount.

Because there was no allocation evidence presented, RLJ have no basis to argue there has been any previous allocation of the alleged damages in this case. *See, e.g., Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 928 (Tex. 1998) (imposing burden on plaintiff to show sums received in settlement from other parties were not subject to settlement credit in order to avoid settlement credit in amount of all settlement payments). Further, the case law cited by RLJ is actually ***consistent*** with ESG's position.

For example, in *Robertson v. ADJ Partnership, Ltd*., the court held that the one-satisfaction rule did not apply and the jury charge limited damages to claims against one party because "nothing in the record" indicated the parties were "jointly liable for the damages awarded by the jury in this case." 204 S.W.3d 484, 495 (Tex. App.—Beaumont 2006, pet. denied). Likewise, in *Byer Custom Builders*, the arbitration award at issue was apportioned for specific damages, including "the driveway, framing, pool deck, windows, and paint." *Byer Custom Builders v. Franks*, 389 S.W.3d 880, 881 (Tex. App.—Houston [14 Dist.] 2012, no

895484.2  402/122

pet.).[7] The common damages were to the foundation pad, which the award did not include. *Id*.

RLJ's reliance on *Tesfa v. Stewart* is unpersuasive because the issue before the court does not apply to this case. RLJ Brief at 42. There was no issue of "segregation" on appeal as described by RLJ. The appellant sought reversal of the jury's damages finding based on the assertion that there was no evidence to support one element of those damages. 135 S.W.3d 272, 274-75 (Tex. App.—Fort Worth 2004, pet. denied). The Second Court of Appeals found that the appellant failed to make the objection to the trial court. *Id*. The *Hunt v. Ellisor & Tanner* case did not involve any allegations of joint liability and/or indivisible damages either. 739 S.W.2d 933 (Tex. App.—Dallas 1987, pet. denied). The *Hunt* opinion is in line with the Fifth Circuit's decision in *GE Capital* and does not apply here given RLJ's joint liability and indivisible damage allegations.

The case precedent that does apply supports ESG's position. The breach of contract jury question addressed in *Galle* was nearly identical to the question in this case. Compare CR:1127 with CR:1213. There, the plaintiffs settled with their insurance company prior to trial against a mold remediation company for damages to their home resulting from mold. *Galle*, 262 S.W.3d at 566-67. The plaintiffs obtained a verdict against the mold remediation company for negligent

---

[7] RLJ's quotation to this case omits with brackets the identification of these apportioned damages. RLJ Brief at 43-44.

misrepresentation and breach of contract. *Id*. at 570. The remediation company sought a settlement credit for the insurance company's settlement and, when the trial court denied the request, appealed to this Court. *Id*. This Court found that the settlement credit applied under either the negligent misrepresentation or breach of contract theories because damages for both "were based on pleadings and evidence of a common harm or injury." *Id*. at 574. In *Galle*, the jury question could not change the pleadings and evidence the plaintiffs chose to present. The same is true in this case.

RLJ misunderstands or misconstrues the application of the one-satisfaction rule in arguing that ESG somehow received a "double-recovery." RLJ Brief at 45-47. After ESG provided evidence, via RLJ's pleading, of common liability and damages and the settlement agreements were entered in the record, *RLJ* bore the burden to present "evidence allocating the settlement amounts to separate rather than joint damages." *Galle*, 262 S.W.3d at 574. RLJ could not because its damages were admittedly indivisible.[8] CR:202. RLJ cannot present any actual evidence that ESG received a "double recovery" because it did not develop or present evidence at trial to make that determination. That is why the trial court

---

[8] RLJ's citation to *Duncan v. Cessna Aircraft Co*., 665 S.W.2d 414 (Tex. 1984), does not apply to this case. RLJ Brief at 47. In *Duncan*, Texas Supreme Court "created a comparative causation scheme for product liability suits." *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 6 (Tex. 1991) (explaining the limited nature of the *Duncan* holding). No such claims are at issue here.

correctly applied the full amounts of the EBCO and Terracon settlements to the verdict against ESG.

## IV. Texas law unequivocally holds that the one-satisfaction rule applies to breach of contract claims. (Issue No. A.3)

Yet again, RLJ asks this Court to create a new rule of law, this time arguing that Texas' statutory contribution scheme for tort claims should abolish the common law one-satisfaction of judgment rule. RLJ Brief at 48-50. This argument contradicts the history of Texas law. The one-satisfaction rule is a common law creation, separate from any statutory scheme. *Roberts v. Grande*, 868 S.W.2d 956, 959 (Tex. App. —Houston [14 Dist.] 1994, no pet.) ("even though not adjudicated as joint tortfeasors, appellee and the real estate agent and broker cannot be said to have caused separate injuries."); *Lewis v. Exxon Co.,* 786 S.W.2d 724, 729 (Tex. App.—El Paso 1989, no pet.) ("It is a rule of general acceptation that an injured party is entitled to but one satisfaction for the injuries sustained by him . . . although not abolished in situations where Section 33.015 does not apply, [the one-satisfaction rule] has been severely modified in its application by the comparative negligence statutes") (citing *Bradshaw v. Baylor Univ.*, 84 S.W.2d 703, 705 (1935)) (emphasis added); *Hunt v. Ziegler*, 271 S.W. 936, 938 (Tex. App. 1925, *aff'd* 280 S.W. 546 (Tex. 1926)) ("when that

satisfaction is made by one of the joint tort-feasors, *or by any person* . . . it has the effect of releasing all others who may be jointly, or jointly and severally liable.").[9]

RLJ attempts to evade the extensive case law contradicting its argument by distinguishing the Texas Supreme Court's decision in *El Paso Natural Gas Co. v. Berryman*, 858 S.W.2d 362, 364 (Tex. 1993). RLJ Brief at 50. RLJ incorrectly contends that the alter ego issue in that case distinguishes it from other one-satisfaction cases. *Id*. To the contrary, *Berryman* is a textbook example of the one-satisfaction rule. The plaintiff in *Berryman* asserted claims against two companies, alleging that they were alter egos. 858 S.W.2d at 363. The trial court entered a directed verdict finding alter ego, which was reversed on appeal and remanded for trial. *Id*. After the reversal, the plaintiff entered a settlement agreement with one entity, but reserved its right to sue the other. *Id*. The Texas Supreme Court upheld summary judgment on claims against the non-settling entity because the plaintiff received "full settlement" of his damages from the first entity. *Id*. at 364. The one-satisfaction rule precluded any further recovery, regardless of the alter ego issue. *Id*.

*Berryman* establishes the fallacy of RLJ's argument that the one-satisfaction rule no longer exists in the common law. The rule does not have strictly defined limits on causes of action. It simply precludes more than one recovery for the

---

[9] *See also Lewis v. Taylor*, 17 Tex. 57; *Andrews v. Harvey*, 39 Tex. 123; *Alvord v. Waggoner*, 32 S.W. 872 (cited in Section II, *supra*, n.2).

same injury, regardless of the claims at issue.  ESG cited extensive case law refuting RLJ's argument in Section II, *supra*.  More holdings are below:

> *Regions Bank v. Bay*, No. 05-12-00531, 2013 Tex. App. LEXIS 11811, at *12-13 (Tex. App.—Dallas Sept. 18, 2013, no pet.) (applying one-satisfaction rule to breach of contract claim);
>
> *Emerson Elec. Co. v. American Permanent Ware Co.*, 201 S.W.3d 301, 314-15 (Tex. App.—Dallas 2006, no pet.)("the absence of tort liability does not preclude the application of the one-satisfaction rule");
>
> *AMX Enterps., Inc. v. Bank One, N.A.*, 196 S.W.3d 202, 206 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("Whether the [one-satisfaction] rule applies is determined not by the cause of action asserted but by the injury sustained");
>
> *Cunningham v. Haroona*, 382 S.W.3d 492, 512-13 (Tex. App.—Fort Worth 2012, pet. denied) ("Whether the [one-satisfaction] rule applies is determined not by the cause of action but by the injury").

RLJ lastly argues that "it must be presumed" that Texas Civil Practice and Remedies Code Chapters 32 and 33 preempt the common law one-satisfaction rule.  RLJ Brief at 50-51.  This argument is nonsensical because those statutes do not apply to breach of contract claims.  *See* Tex. Civ. Prac. & Rem. Code § 32.001(a) ("This chapter applies only to tort actions"); § 33.002(a) (chapter applicable only to tort claims and actions under the Texas Deceptive Trade Practice Act).  The plain language of those statutes evidences the legislature's clear intent to limit the scope of those statutes to tort and/or DTPA claims.

895484.2   402/122

RLJ's analysis of Chapter 33's legislative history is only relevant within the confines of the statute—to tort and DTPA claims. RLJ Brief at 52. The statute has never applied to breach of contract claims and the legislative history does not address such claims in any way. "The words the Legislature uses should be the surest guide to legislative intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (citations omitted). Chapters 32 and 33 simply do not apply to breach of contract claims and do not preempt the application of the one-satisfaction rule in this case.

## V. Application of the one-satisfaction rule in this case cannot violate any constitutional right to freedom of contract. (Issue No. A.4)

RLJ next assert that applying the one satisfaction rule to limit recovery of damages to RLJ's actual loss would somehow violate the Texas Constitutional provision prohibiting laws impairing the obligation of contracts. There is no basis for this assertion.

The Texas Constitution provides that "[n]o bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." Tex. Const. art I, § 16. The provision on impairment of contracts (the "Contract Impairment Prohibition") is based on Article I, Section 10 of the United States Constitution, which was placed in the Constitution primarily "to prevent states from passing laws to relieve debtors of their legal obligation to pay their debts." *Id*., interp. commentary (Vernon 2007).

23

This Court recognizes that the Contract Impairment Prohibition "applies to 'laws,' which do not include decisions of a court." *Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 444 (Tex. App.—Austin 2004, pet. denied). It is well established in Texas that "a decision of a court is not a law, within the provisions of the Constitution relating to impairment of contracts." *Id.* (quoting *Amalgamated Transit Union, Local Div. 1338 v. Dallas Pub. Transit Bd.*, 430 S.W.2d 107, 119 (Tex. Civ. App.—Dallas 1968, writ ref'd n.r.e.)). This is not a case in which RLJ seeks to challenge a law passed by the Texas Legislature. In fact, RLJ's brief readily acknowledges there is no statute covering the one satisfaction rule in connection with contract claims. RLJ Brief at 50. Accordingly, the trial court's decision to apply the one satisfaction rule to this case cannot violate the Contract Impairment Prohibition. *See Howell*, 143 S.W.3d at 444 (holding that trial court's permanent injunction did not violate the Contract Impairment Prohibition because it was a judicial act rather than a legislative act).

Further, the Contract Impairment Prohibition "forbids only laws which operate **retroactively** on contracts." Tex. Const. art I, § 16, interp. commentary (Vernon 2007) (emphasis added). There is also no evidence of any impaired vested rights. A contractual obligation is impaired under the Contract Impairment Prohibition only "when a statute is enacted that releases a part of [the] obligation or to any extent or degree amounts to a material change or modifies it." *Price*

*Pfister, Inc. v. Moore & Kimmey, Inc*., 48 S.W.3d 341, 356 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). This is not a case in which a new law was passed *after* contractual rights vested in favor of RLJ. Instead, it is undisputed the one-satisfaction rule was in existence long before any contract at issue in this case. RLJ Brief at 19-20. Therefore, application of the one-satisfaction rule cannot violate the Contract Impairment Prohibition. *See Price Pfister,* 48 S.W.3d at 356 (holding that legislative act governing payment of commissions to sales representatives did not violate Contract Impairment Prohibition because no previously-existing contractual obligations were impaired by act's application); Tex. Const. art I, § 16.

## VI.    ESG did not waive or otherwise fail to preserve its right to settlement credits.  (Issue No. A.5)

RLJ complain that ESG did not object to RLJ's failure to properly allocate damages among multiple defendants and other settling parties. According to RLJ, ESG is barred from receiving credit for settlement funds RLJ received from other parties because ESG failed to provide "notice" of ESG's intent to argue such allocation was required. There is no merit to this argument.

As a matter of law, the one-satisfaction rule does not require that the defendant plead the one-satisfaction rule as an affirmative defense or object to the submission of a jury question that may lead to a verdict that constitutes a double recovery. *National City Bank of Indiana v. Ortiz*, 401 S.W.3d 867, 888 (Tex.

 895484.2    402/122

App.—Houston [14 Dist.] 2013, pet. denied); *Dalworth Restoration, Inc. v. Rife-Marshall*, 02-12-00381-CV, 2014 Tex. App. LEXIS 5271 at \*26 (Tex. App.—Fort Worth May 15, 2014, no pet.). RLJ's waiver argument does not apply here.

Further, the obvious problem with RLJ's waiver argument is that it is RLJ's burden – not ESG's – to allocate RLJ's alleged damages and recover from ESG only those damages actually caused by ESG's alleged breach. This Court and other Texas courts have long recognized that a plaintiff must show as a necessary element of its breach of contract claim that the defendant's breach caused the plaintiff's injuries. *See Snyder*, 860 S.W.2d at 695 ("When a cause of action is based on breach of contract, the plaintiff must show that . . . the defendant breached a duty under the contract, and that the plaintiff sustained damages as a result."); *see also Marquis Acquisitions, Inc. v. Steadfast Ins. Co.,* 409 S.W.3d 808, 813 (Tex. App.—Dallas 2013, no pet); *B&W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

ESG is not required to provide notice to RLJ about the requirements of RLJ's causes of action, nor is ESG obligated to point out RLJ's failure to provide evidence supporting the necessary elements of RLJ's causes of action prior to or during trial. *See All Saints Catholic Church v. United Nat'l Ins. Co*., 257 S.W.3d 800, 802-03 (Tex. App.—Dallas 2008, no pet.); *Allison v. Fire Ins. Exch*., 98 S.W.3d 227, 258 (Tex. App.—Austin 2002, no pet.). RLJ cannot shift their burden

of proof on causation and damages to ESG by arguing RLJ's burden only exists if ESG makes certain objections to RLJ's pleadings.

Equally unavailing is RLJ's assertion that ESG was required to object to the jury charge because there was purportedly no reference to allocation of damages in the questions and instructions submitted to the jury. First, there is no requirement for a defendant to make any such objections in order to raise the one satisfaction rule. *See Ortiz*, 401 S.W.3d at 888 (holding defendant was not required to "object to the submission of more than one acceptable measure of his damages" or "request a limiting instruction" as a prerequisite to application of the one-satisfaction rule).

Second, there was nothing wrong with the form of the damage question submitted to the jury. It properly asked the jury to decide the amount of damages "that resulted from" ESG's alleged breach of contract. CR:1127. The problem is that RLJ did not offer any evidence to answer that question, instead offering only irrelevant and unreliable expert testimony concerning a loss in market value allegedly resulting from the collective performance of numerous contractors and subcontractors who worked on the Hotel. *See* Appellant's Brief, pp. 36-56. ESG properly objected to this inadmissible expert testimony, and is entitled to a take-nothing judgment based on RLJ's failure to prove up market value damages.

895484.2   402/122

RR:V.9, 143:14-145:19; 153:6-11; CR:1130-37; *Houston Unlimited, Inc. v. Mel Acres Ranch*, 443 S.W.3d 820, 837-38 (Tex. 2014).[10]

Additionally, there is no basis for RLJ's assertion that ESG has somehow "waived" the one-satisfaction rule by purportedly failing to plead it as an affirmative defense. Even though ESG was not required to plead the one-satisfaction rule, ESG's pleadings, construed liberally as required under Texas law,[11] *did* provide notice of ESG's intent to reduce any damage award based on sums received by other settling parties. In ESG's Second Amended Answer, ESG specifically alleged it is entitled to "a credit for any settlement Plaintiffs receive from any other person or entity." CR:49. Although it was not required to do so, ESG affirmatively asserted (1) "Plaintiffs' alleged injuries and damages, if any, resulted, if at all, from conditions unrelated to any act, omission or conduct of [ESG]" and (2) "Plaintiffs' alleged injuries and damages, if any, were caused, if at all, in whole or in part by the acts or omissions of others for whose conduct [ESG is] not legally responsible." CR:48. These allegations are more than enough to put RLJ on notice of ESG's intent to rely on the one satisfaction rule. *See Bullock v. Regular Veterans Ass'n.*, 806 S.W.2d 311, 314 (Tex. App.—Austin 1991, no pet.).

---

[10] No objection is required to preserve error when expert testimony is speculative or conclusory on its face. *Coastal Transport Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 233 (Tex. 2004).

[11] *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000).

895484.2   402/122

Finally, RLJ's laches argument fails because laches requires proof of unreasonable delay asserting a claim and a detrimental change of position by the party asserting laches because of the delay. *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010). ESG's pleadings clearly provide notice that ESG will seek a reduction in any damages based on settlement amounts received by RLJ from other parties and that ESG will object to the payment of any damages caused by other contractors and subcontractors on the Hotel project. *See Ortiz*, 401 S.W.3d at 888; CR:48-49. Laches also applies only to equitable rights, and cannot be used in connection with RLJ's claims to enforce purported contractual rights. *See Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412, 415 (Tex. App.—Corpus Christi 2001, pet. denied). Simply put, the doctrine of laches has nothing to do with this case, and cannot be used to enable RLJ to disregard the one-satisfaction rule.[12]

## VII. The trial court properly excluded attorney's fees attributable to EBCO and Terracon from the fee award issued to RLJ. (Issue No. B)

In their last issue, RLJ argue, without any authority, that if the one-satisfaction rule applies in this case, RLJ is entitled to additional attorney's fees it incurred to prosecute its claims against EBCO and Terracon.[13] RLJ Brief at 59-62. RLJ argues that the trial court erred in failing to award RLJ fees incurred in

---

[12] Further, laches is an affirmative defense that must be specifically pleaded, and there is no reference to it in any of RLJ's pleadings. Tex. R. Civ. P. 94; *Knesek v. Witte*, 754 S.W.2d 814, 816 (Tex. App.—Houston [1st Dist.] 1988, writ denied); CR:184-218.

[13] As established in ESG's opening brief on its appeal, RLJ are not entitled to any fees under Texas Civil Practice and Remedies Code Section 38.001 because they are not prevailing parties as defined by the statute and the Texas Supreme Court. *See* ESG Appellant's Brief at 13-17.

prosecuting its claims against EBCO and Terracon because those claims required proof of the same facts as their claims against ESG. RLJ Brief at 59-60. However, RLJ did not make this argument to the trial court. *See* 3SCR1-16; *Safety*, 160 S.W.2d at 245. Texas law only allows for recovery of unsegregated fees where there is evidence that the legal services provided advanced all claims at issue and are so intertwined that they need not be segregated. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313-14 (Tex. 2006). RLJ provided no such evidence regarding the EBCO and Terracon fees it now seeks on appeal. 3SCR1-16.

RLJ did argue at the trial level that it was entitled to fees attributable to claims against EBCO and Terracon because, if the settlement credits are upheld, there must be a finding of joint and several liability, which would entitle RLJ to fees jointly and severally as well. 3SCR1-16. However, RLJ provides no authority for this argument and there is none.[14] Further, RLJ cannot recover fees attributable to those claims because RLJ expressly settled and released their claims for such fees. RLJ's settlement agreement with EBCO states that all "fees, costs and expenses related to this lawsuit or the claims related to the investigation and/or defense or pursuit of claims related to the Project will be paid by the party incurring the same." CR:1472. Likewise, RLJ's settlement agreement with

---

[14] As established in Section II, *supra*, a finding of joint and several liability is not required for the application of the one-satisfaction rule. RLJ failed to identify any authority supporting this argument because it is not a part of Texas law.

Terracon states that RLJ "shall be solely responsible for all of its own attorneys' fees and expenses incurred in connection with the Lawsuit." CR:1479-80. RLJ's release of their claims for these fees precludes any recovery from ESG.

RLJ offer no authority to support their position that they are entitled to recover fees from ESG related to other parties or other claims. Accordingly, the trial court did not err in excluding such fees.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Cross-Appellee Elness, Swenson, Graham Architects, Inc. prays that this Court deny relief on the issues submitted by Cross-Appellants RLJ II-C Austin Air, LP, RLJ II-C Austin Air Lessee, LP, and RLJ Lodging Fund II Acquisitions, LLC in their entirety; and for general relief.

Respectfully submitted,

/s/  Weston M. Davis

**Gregory N. Ziegler**
Texas Bar No. 00791985
GZiegler@MacdonaldDevin.com
**Weston M. Davis**
Texas Bar No. 24065126
WDavis@MacdonaldDevin.com
**Steven R. Baggett**
Texas Bar No. 01510680
SBaggett@MacdonaldDevin.com

**MACDONALD DEVIN, PC**
1201 Elm Street
3800 Renaissance Tower
Dallas, Texas  75270
214.744.3300 telephone
214.747.0942 facsimile

**Attorneys for Cross-Appellee
Elness, Swenson, Graham
Architects, Inc.**

32

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing *Cross-Appellee's Brief* and was served on all counsel of record in accordance with the Texas Rules of Appellate Procedure via eFiling, on June 11, 2015:

> Michael Huddleston
> Stephen Gibson
> Benton T. Wheatley
> Tracy L. McCreight
> Jessica C. Neufeld
> MUNSCH HARDT KOPF & HARR, P.C.
> 401 Congress Ave, Suite 3050
> Austin, Texas  78701
> 512.391.6100
> 512.391.6149 fax

/s/ Weston M. Davis
**Weston M. Davis**

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4, I hereby certify that this petition contains 7,580 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying upon the word count provided by the software used to prepare the document.

/s/ Weston M. Davis
**Weston M. Davis**

895484.2   402/122